## ENGLEKEN v. HILGER.

1. **Intoxicating Liquors:** DAMAGES. The wife cannot recover damages from the seller of intoxicating liquors for injuries committed by her husband upon herself while he was intoxicated, if she has contributed to his intoxication by purchasing the liquors or uniting with him in drinking them.

*Appeal from Jackson Circuit Court.*

THURSDAY, JUNE 15.

ACTION to recover damages caused by defendant selling to the husband of plaintiff intoxicating liquors. Jury trial; verdict and judgment for plaintiff and defendant appeals.

*W. E. Leffingwell*, for appellant.

*William Graham* and *D. A. Wynkoop*, for appellee.

SEEVERS, CH. J.—The answer states that the husband of plaintiff for several years immediately preceding the commencement of the action had been in the habit of becoming intoxicated, and that plaintiff knew this fact, and then proceeds as follows:

"6. That the plaintiff, notwithstanding his appetites and habits, would and did repeatedly supply him with whisky and other intoxicating liquors, at home, and directed others to procure the same for him, she giving the money to purchase

and pay for the same, and have the same taken to the house of the plaintiff for her husband to drink, and he did drink the same frequently to intoxication; that she frequently requested persons in Bellevue to sell and let her husband have intoxicating liquors.

"7. That the plaintiff was in the habit of drinking with her husband intoxicating liquors until he became drunk, and that any abuse of .herself and children by her husband when intoxicated was in consequence of intoxication produced by her own acts."

The plaintiff moved the court to strike out this portion of the answer because it was irrelevant and immaterial, which motion was sustained and defendant excepted.

The answer clearly and distinctly states that any abuse of plaintiff and her children by her husband when intoxicated was in consequence of intoxication produced by her own acts. The question for determination is, can a wife recover damages caused by her intoxicated husband, to whose intoxication she directly contributed. Not only so, but can she recover exemplary damages in such case, for if she recovers at all, she may recover such damages. We are of the opinion she cannot. It seems to us no just or legal reason can be given for permitting her to so recover. The damages it will be seen were caused by the act of the plaintiff. Why should she be permitted to recover from another damages for wrongs and injuries inflicted on herself by her intoxicated husband when she by her own act caused the intoxication. The mere statement of the proposition is its own refutation. It is not necessary to determine in this case, where the wife contributes merely to the habit of her husband to drink intoxicating liquors, that she cannot recover of another who causes such intoxication from which she is damaged. But the point determined is where the abuse of herself was in consequence of her own acts, that she cannot recover. It is urged that the action of the court in striking out said portion of the answer was error without prejudice, because the defendant attempted to prove without objection on the cross-examination of the plaintiff the facts stated in such portion of the answer. It is

<div style="margin-left:2em">1. INTOXICA-<br>TING liquors:<br>damages.</div>

admitted, however, there is no such statement in the abstract, and we are referred to the transcript in proof of the claim made. If the abstract is not correct, that is, if anything has been omitted, an amended abstract should be prepared containing the omitted matter. We cannot undertake to read the transcript in such a case. But if this were not so, the fact claimed to exist would have no material bearing on the question before us. The defendant may have had other witnesses by whom the fact could have been proved. It is sufficient to know that in striking out the portion of the answer alluded to, the court erred, and it would have been neither competent nor in good taste for counsel to have attempted to introduce evidence to prove the matter thus stricken out.

The other questions made in the case it is unnecessary to determine; as the same questions are made in other cases pending before us, we deem it best to determine them in the cases where it is necessary to do so. For the error indicated the judgment below must be

REVERSED.