SAMANTHA S. ROSECRANTS v. WILLIAM SHOEMAKER AND CHARLES COLE.

*Liquor law—Damages for sale of liquors—When wife may recover—Exemplary damages, when recoverable.*

1. A wife, suing solely in her own right under act 191, Public acts of 1883, to recover damages for the unlawful sale of liquor to her husband, cannot complain of any evil she herself has caused, and if she encouraged or requested such sale, she does not stand on the footing of an innocent, injured party and cannot recover.

2. In such a case the jury have no right to consider the fact that the plaintiff has minor children, for the purpose of increasing the amount of damages awarded, as each child can sue and recover separate damages under the act.

3. Exemplary damages can only be recovered where the sale or sales complained of are shown to have been *willful* and contrary to the wishes of the wife.

4. Where a wife sues in behalf of herself and her children (minors), she can recover full compensation for her and their loss.

Error to Oakland. (Stickney, J). Argued January 26, 1886. Decided February 10, 1886.

Case. Defendants bring error. Reversed. The facts are stated in the opinion.

*W. N. Draper*, for appellants:

The statute sued upon was intended for the benefit of those who suffer innocently, and its aid cannot be invoked by any person who sanctioned or authorized the sale or gift of liquor to, or purchased it for the person using same, and whose intoxication has occasioned the injury complained of: *Kearney v. Fitzgerald*, 43 Iowa, 584-5; *Reget v. Bell*, 77 Ill. 593.

Each of plaintiff's children could recover in a separate suit, for any injury to his or her means of support, occasioned by the unlawful sale of liquor to their father, hence the jury could not increase the damages recoverable by plaintiff on their account, and the court should so have instructed them in its charge: *Franklin v. Schemerhorn*, 8 Hun, 112; *Huggins v. Kavanagh*, 52 Iowa, 368; *Ward v. Thompson*, 48 Iowa, 588.

*A. C. Baldwin* (*Baldwin, Draper & Jacokas*), for plaintiff.

The record is so made that it shows little or nothing of the proceedings or proofs in the circuit court. It does not pretend to set forth the evidence or its substance: *Barnes v. Michigan Air Line Ry Co*, 54 Mich. 245. The right of a party to recover damages under a statute like ours has been too frequently adjudicated in our courts to cause a moment's hesitation as to the law, not only in Michigan, but in all states having similar legislation on the subject, which with scarcely an exception has been held valid: *Kreiter v. Nichols*, 28 Mich. 496; *Ganssly v. Perkins*, 30 Mich. 492; *Friend v. Dunks*, 37 Mich. 25; *Steele v. Thompson*, 42 Mich. 594. Plaintiff was entitled to recover exemplary damages, if the jury found the facts as stated in her fifth request: *Allison v. Chandler*, 11 Mich. 555; *Ganssly v. Perkins*, 30 Mich. 495; *Welsh v. Ware*, 32 Mich. 84; *Friend v. Dunks*, 37 Mich. 31.

The fifth request was as follows:

" The plaintiff is entitled to recover, if anything in this case, her actual damages, and also such exemplary damages as the jury may deem just, considering all of the circumstances, if the defendants knew her husband's intemperate

habits, and had been notified not to furnish him any spiritu-
ous or intoxicating liquor, and after such knowledge and
notification persisted in furnishing him such liquor."

Counsel also cited *Jewett v. Wanshura*, 43 Iowa, 574;
*Ward v. Thompson*, 48 Iowa, 588; *McEvoy v. Humphrey*,
77 Ill. 388; *Roth v. Eppy*, 80 Ill. 283; *Mead v. Stratton*,
87 N. Y. 493; *Davis v. Standish*, 26 Hun, 608.

CAMPBELL, C. J.   Plaintiff sued defendants for furnish-
ing intoxicating liquor to her husband, who, as she claimed,
was killed, while intoxicated, by a train of cars.   Among
other matters, proof was given tending to show that plaint-
iff authorized defendants to furnish him liquor; and pro-
cured it for him herself.   There was a conflict on this.   There
was also testimony before the jury, given by plaintiff, that
when her husband was killed she was keeping house with
her husband, and had four children of different ages; the
oldest being 16, and the rest younger.

Several errors were assigned, but on the argument there
were three especially relied on, the others not being argued.

The court was asked to charge, "if the jury find that
defendants were authorized by plaintiff to furnish her hus-
band liquors, she cannot recover damages for injuries sus-
tained by reason of defendants having furnished her husband
liquor, unless he was intoxicated when such liquors were
furnished."   This request was absolutely refused.   The
court also refused the following request; stating that it was
refused, except as given in the general charge.   In the gen-
eral charge the court stated that plaintiff denied having pur-
chased any liquor, and insisted she had forbidden defendants
to let him have it, making no reference whatever to the con-
trary testimony, and saying nothing as to its effect.   The
request was : " If the jury find that, for her husband's use,
as a beverage, the plaintiff was in the habit of purchasing of
defendants intoxicating liquors by the bottle,. they may con-
sider that as evidence for the purpose of determining whether
she authorized him to sell her husband liquor or not."   In the
general charge, the jury were authorized to find both actual
and exemplary damages if the defendants furnished him

liquors which contributed to his intoxication, without confining them (although the court probably meant to do so) to the case of willful wrong, or giving any other caution upon it.

Under the statute of 1883, p. 215, it is expressly declared that whatever damages are recovered by a wife or child shall be the plaintiff's sole and separate property, and every person injured shall have a right of action in his or her own name. As the wife sues solely in her own behalf, it is evident that she cannot complain of any evil which she has herself caused, and that, if she encouraged or requested the sale of liquor to her husband, she does not stand on the footing of an innocent injured party. The request seems to have assumed that, if the husband was drunk when defendants furnished him liquor, the action might be for damages, and upon this we need not dwell. But the charge, as requested, was correct; and the jury certainly should have been allowed to consider the habitual purchase by plaintiff as bearing on her willingness to let her husband have liquor.

The court should also have told the jury that they should not consider the fact that she had children, for the purpose of increasing the damages. If the mother sued for all the family she could recover full compensation for their loss. But as each child could sue and recover separate damages, this ought to have been explained to the jury, who, it is probable from the record, gave larger damages than any one person would have recovered.

The judgment should be reversed, and a new trial granted.

The other Justices concurred.