## People, for Use of Wm. Lenand, v. Adam Linck et al.

1. Intoxicating Liquors—*A Saloon Keeper is Not Liable to a Purchaser of Liquor for Injuries Received by Him While Intoxicated.*—One who was an active and willing agent in procuring his own intoxication, can not recover upon a saloon keeper's bond for injuries caused by such intoxication. The statute was only intended to cover cases where innocent parties have been injured by the wrongful act of the principal in the bond.

Debt, on a saloon keeper's bond. Error to the Circuit Court of Douglas County; the Hon. Edward P. Vail, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

J. M. Newman and T. D. Minturn, attorneys for plaintiff in error.

E. L. Walker and Eckhart & Moore, attorneys for defendants in error.

Mr. Presiding Justice Harker delivered the opinion of the Court.

This is an action of debt upon a saloon keeper's bond, brought by William Lenand in the name of the People, to recover for injuries sustained by him, while in a state of intoxication caused by liquor procured from Adam Linck, the saloon keeper. He alleges in his declaration that he is a man in the habit of getting intoxicated; that Linck sold and gave him liquor from which he became intoxicated, and that, as a consequence, he fell upon the track of the Illino s Central Railroad, where he was run over by a train and was so injured as to necessitate the amputation of one of his arms. The Circuit Court sustained a demurrer to the declaration and rendered judgment against Lenand for costs.

The only question for our decision is whether one who was an active and willing agent in procuring his own intoxication may recover upon a saloon keeper's bond for injuries caused by such intoxication. We do not think the stat-

ute was intended to cover any such case, but rather those cases where parties have been innocently injured by the wrongful act of the principal in the bond.

The party complaining and seeking damages must be free from complicity in procuring the intoxication. Such appears to be the view of courts of last resort in this State, Iowa and Michigan, although in none of the reported cases were the facts the same as in this case. In each of those cases, the complaining party was seeking damages for injuries caused by the intoxication of another. Reget v. Bell, 77 Ill. 593; Hays v. Waite, 36 Ill. App. 397; Engleken v. Hilger, 43 Iowa 563; Rosecrants v. Shoemaker, 60 Mich. 4.

In Iowa and Michigan, where the statutes giving a right of action to persons injured by reason of the intoxication of another are similar to ours, it is held that the wife can not recover damages from a saloon keeper who has caused the intoxication of her husband, if she herself encouraged or requested the sale of the liquor to her husband. Such holdings were based upon the ground that she was not an innocent injured party. In Reget v. Bell, *supra*, our Supreme Court has gone even farther, and held a wife would be precluded from a recovery if she had it in her power to deprive her husband of the use of the whisky which caused his intoxication by breaking the jug or pouring out its contents, and failed to exercise it.

The reasons which lie at the bottom of the holdings in those cases, in our opinion, apply with greater force to the case at bar.

Lenand was not an innocent injured party. He was a volunteer in his own intoxication, and in his declaration showed no right to recover against defendants in error.

Judgment affirmed.