MORTON v. ROTH.

INTOXICATING LIQUORS—NEGLIGENCE—THIRD PERSONS—CIVIL DAM-
AGES—ACTION—AUTOMOBILES.

Where plaintiff, in a civil-damage action, had received inju-
ries to his person as the result of reckless driving of a mi-
nor with whom he was riding in an automobile that they
borrowed without the owner's consent, and where it appear-
ed that they had visited several saloons and became intoxi-
cated, and that the plaintiff treated the minor, who in
his turn had paid for refreshments for both, plaintiff, being
of age, was chargeable with helping to bring about the ac-
cident and could not recover damages under 2 Comp. Laws,
§ 5398 (2 How. Stat. 2d Ed. § 5074), which creates a rem-
edy against the saloon keeper for the benefit of innocent
third persons.

Error to Muskegon; Sullivan, J. Submitted October
14, 1915. (Docket No. 97.) Decided December 21,
1915.

Case by Benjamin M. Morton against Henry Roth
and another for unlawful sales of liquor to a minor
whereby plaintiff claimed to have suffered personal in-
juries. Judgment for defendants on a directed ver-
dict. Plaintiff brings error. Affirmed.

*Sutherland, Johnson & Sessions,* for appellant.

*S. Wesselius,* for appellee Roth.

*A. F. Bunting,* for appellee Michigan Bonding &
Surety Co.

OSTRANDER, J. The statute (2 Comp. Laws, § 5398;
2 How. Stat. [2d Ed.] § 5074) provides that:

"Every wife, child, parent, guardian, husband, or
other person, who shall be injured in person or prop-
erty, or means of support or otherwise, by any intoxi-

cated person or by reason of the intoxication of any person, or by reason of the selling, giving or furnishing any spirituous, intoxicating, fermented, or malt liquors, to any person, shall have a right of action in his or her own name, against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury. * * * "

It is alleged in the declaration that defendant Roth, on July 6, 1914, sold and furnished liquor to one Clare McMahon, a minor, to be drunk and which was drunk by said minor in defendant Roth's saloon, and that said McMahon then and there became grossly intoxicated; that McMahon, while so intoxicated, invited plaintiff to ride in an automobile belonging to a third person, and while plaintiff was a passenger in the automobile, driven by McMahon, the car suddenly swerved and dashed into the side of the road, throwing McMahon and plaintiff to the ground, injuring the plaintiff.

The testimony for the plaintiff tended to prove: That at the time mentioned in the declaration plaintiff was 22 years old, born in the city of Muskegon, and an acquaintance of McMahon. Shortly after the noon hour, July 6, 1914, he and McMahon, who was 18 years old, were in company visiting saloons in the city of Muskegon, each of them buying for himself and the other, and drinking, liquor. Among other places, they visited the saloon of defendant Roth, and there bought and drank liquor, and bought and carried away a bottle of whisky, which each contributed money to pay for and which they drank. Their itinerary appears to have taken them to eight or more saloons, to some of them more than once, and to the red light district. At some time in the evening, the hour not definitely fixed, they took an automobile which they found upon the street, and, with McMahon driving, enjoyed a ride. Both claim to have been so drunk that they have no

very distinct recollection about taking the car or about the ride. At the end of the pavement on one of the streets, when the car passed upon the dirt or earth roadway, it was mismanaged, or because of the speed attained became unmanageable. It was wrecked, and both men were injured; plaintiff very severely.

Plaintiff having rested his case, the court was moved to direct a verdict for defendant, for the reasons:

"*First*. That the plaintiff is not entitled to sue the defendant in this case under the statute permitting the recovery of damages for any unlawful sales of liquor, not belonging to one of the classes that are authorized to bring such suits.

"*Second*. Because it appears irrom the plaintiff's proof that he himself purchased liquor, being an adult, for Clare McMahon, and permitted Clare McMahon to purchase liquor for him, and that they both drank the same in saloons and other places set forth in the declaration, and that thereby the plaintiff became one of the joint tort-feasors in the case at bar, and is estopped from bringing this action against this defendant, because he is a joint tort-feasor.

"*Third*. Because it appears that the plaintiff being an adult, negligently and without due and proper care for himself, purchased intoxicating liquors to excess, and himself indulged in intoxicating liquors to excess, and when so intoxicated acquiesced in the unlawful taking of an automobile, and himself unlawfully took the automobile which resulted in the injuries complained of in the declaration.

"*Fourth*. That the proximate cause of the injury was the excessive use of intoxicating liquors by the plaintiff, the unlawful taking of the automobile, and the accident resulting from such taking, and not the sale of liquors, if any were made by the defendant."

A verdict was directed as requested, and judgment was entered on the verdict. The ruling is assigned as error.

A few, and only a few, cases under the statute have reached this court in which the plaintiff was other than an innocent third person injured by an intoxicated per-

son, or by reason of the intoxication of some person, or by reason of the unlawful selling of intoxicating liquor to some person. In *Brooks* v. *Cook,* 44 Mich. 617 (7 N. W. 216, 38 Am. Rep. 282), the plaintiff had his pocket picked while he was intoxicated. He was refused relief. In *Heikkala* v. *Isaacson,* 178 Mich. 176 (144 N. W. 508, 50 L. R. A. [N. S.] 857), the plaintiff, while drinking with another, or with others, and while himself somewhat intoxicated, was struck by an intoxicated person, who used a beer glass, and an eye was destroyed. There appears to have been some testimony tending to prove that the plaintiff may have aggravated—did aggravate—by conduct or language, or both, the person who struck him. A judgment for the plaintiff was affirmed, and in affirming it the charge of the trial court was approved which advised the jury that if they found the conduct of plaintiff aggravated his assaulter, the fact would be no defense. There was an affirmative act of violence, committed by an intoxicated person upon the plaintiff. But in *Rosecrants* v. *Shoemaker,* 60 Mich. 4 (26 N. W. 794), where a wife brought her action under the statute for furnishing liquor to her husband, there was testimony tending to prove that she authorized defendants to furnish liquor to her husband, and that she herself procured it for him. A request to charge that:

"If the jury find that, for her husband's use, as a beverage, the plaintiff was in the habit of purchasing of defendants intoxicating liquor by the bottle, they may consider that as evidence for the purpose of determining whether she authorized them to sell her husband liquor or not"

—was refused, as well as the request that:

"If the jury find that defendants were authorized by plaintiff to furnish her husband liquors, she cannot recover damages for injuries sustained by reason of defendants having furnished her husband liquor, unless he was intoxicated when such liquors were furnished."

This court, speaking through Mr. Justice CAMPBELL, said:

"As the wife sues solely in her own behalf, it is evident that she cannot complain of any evil which she has herself caused, and that, if she encouraged or requested the sale of liquor to her husband, she does not stand on the footing of an innocent injured party."

In *McDonald* v. *Casey*, 84 Mich. 505 (47 N. W. 1104), the principle of *Rosecrants* v. *Shoemaker* is recognized. See the distinction made in *Thomas* v. *Dansby*, 74 Mich. 398 (41 N. W. 1088). The courts of other States have recognized the same principle. *Reget* v. *Bell*, 77 Ill. 593; *Engleken* v. *Hilger*, 43 Iowa, 563. It does not appear, affirmatively, in the opinion in the case last cited, that the action was founded on a statute. See, also, Black on Intoxicating Liquors, §§ 292, 307.

In the case at bar, there was no act of McMahon—no affirmative act, like a blow or other trespass—which caused plaintiff's injury. And plaintiff himself participated in furnishing liquor to McMahon, a minor. He paid for liquor which the minor drank, and drank with him. He was guilty of furnishing liquor to a minor and to an intoxicated minor. Both took the car of a third person, and, while McMahon drove the car, the adventure was a mutual one. Those who sold the liquor are undoubtedly responsible in a criminal action. But plaintiff is seeking to recoup himself, in a pecuniary way, for consequences for which he was directly and actively responsible. In my opinion, he is not an "other person" within the meaning of the statute sued upon, and the ruling and direction complained about were right.

The judgment is affirmed.

BROOKE, C. J., and PERSON, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.