## Daisy E. Buntin, Appellant, v. John W. Hutton, Appellee.

1. INTOXICATING LIQUORS—*what was liability at common law for giving or selling liquor to able-bodied man.* It was not a tort at common law to either sell or give intoxicating liquor to a "strong and able-bodied man," or such culpable negligence as to impose legal liability for damages upon the vendor or donor of such liquor.

2. INTOXICATING LIQUORS—*when drunkard may not recover for injuries resulting from sale or procuring of liquor.* Section 6½ of the Dramshop Act (J. & A. ¶ 4606), providing a penalty for "every person, whether the keeper of a dramshop or not, who shall buy, or in any manner procure or aid in procuring" certain intoxicating liquors for any minor, without an order of such minor's parent, guardian or physician, or for any person intoxicated, or in the habit of becoming intoxicated, *held* not to give a right of recovery to a person intoxicated, or in the habit of becoming intoxicated, for whom such liquors were bought or procured, for injuries resulting from such buying or procuring.

3. INTOXICATING LIQUORS—*when drunkard has no right of action against seller or procurer.* Neither the common law nor the Dramshop Act gives to a person for whom intoxicating liquors are bought or procured a right of action against the seller or procurer where such person buys or procures the liquors with full knowledge.

4. INTOXICATING LIQUORS, § 170*—*nature of Dramshop Act.* The Dramshop Act is penal in character.

5. INTOXICATING LIQUORS, § 168*—*what construction given to Dramshop Act.* The Dramshop Act provides remedies unknown to the common law and should be strictly construed, and a plaintiff to recover thereunder must bring himself clearly within its terms.

Appeal from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

DAVIDSON & FITHIAN and ANDREWS & REAL, for appellant.

FITHIAN & KASSERMAN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BOGGS delivered the opinion of the court.

This appeal is prosecuted by appellant to reverse a judgment rendered by the Circuit Court of Jasper county against appellant in bar of action and for costs.

The declaration in said cause, omitting the formal part, was as follows: "Daisy E. Buntin, plaintiff, complains of John W. Hutton, defendant, of a plea of trespass on the case. And for that whereas, also the plaintiff before and on the first day of October, 1914, was a person in the habit of getting intoxicated, which fact was then and there well known to the defendant, and knowing such fact, it then and there became and was the duty of the defendant not to buy, procure or aid in procuring for the plaintiff any alcohol, whisky, lager beer, wine, rum, brandy, gin, hard cider, or any other vinous, malt, spirituous, fermented, mixed and intoxicating liquors whatsoever for the plaintiff, but notwithstanding his duty in that regard, and the fact that he then and there knew of her habit, the said defendant on the day aforesaid and on divers other days and times both before and since said day and before the commencement of this suit, did wilfully and unlawfully procure and aid in procuring alcohol, whisky, lager beer, wine, rum, brandy, gin, hard cider and other vinous, malt, spirituous, fermented, mixed and intoxicating liquors for the plaintiff, which the plaintiff then and there drank, whereby the plaintiff then and there became intoxicated, and as a result of such intoxication she became and was sick and disabled in body and mind from thence hitherto and has suffered great pain in her body and mind, and her body has become frail and weak and her mind weak and vacillating until she is a physical and mental wreck on account thereof, and is permanently disabled", alleging expenditure of $500 for medical attention endeavoring to be cured and alleging damages in the sum of $10,000. A general demurrer filed by appellee was

sustained by the court, and appellant, electing to stand by her declaration, judgment was rendered against her in bar of action and for costs. To reverse said judgment this appeal is prosecuted as above set forth.

Appellant bases her right to recover on the provision of section 6½ of the Dramshop Act, being section 6½ of chapter 43 of Hurd's Revised Statutes (J. & A. ¶ 4606), the provisions thereof being as follows: "Every person, whether the keeper of a dramshop or not, who shall buy, or in any manner procure or aid in procuring any wine, rum, brandy, gin, whisky, lager beer, hard cider, alcohol, or other vinous, malt, spirituous, fermented or mixed liquor, or any intoxicating liquor whatever, for any minor, without the written order of such minor's parent, guardian or family physician, or shall so procure, or aid in procuring any of said liquors for any person intoxicated, or who is in the habit of getting intoxicated, shall, for every such offense be fined not less than twenty dollars nor more than one hundred dollars, or confined in the county jail not less than ten nor more than thirty days, or both, in the discretion of the court."

Appellant concedes that section 6½, above quoted, does not in terms give a civil right of action for damages to any one injured by reason of the violation of its provision, but contends that where the statute has been violated any person who suffers injury therefrom different in effect from the injury suffered by the public in general is entitled to a common-law right of action.

The Dramshop Act was construed by our Supreme Court in the case of *Cruse v. Aden,* reported in 127 Ill. 231. In that case suit was brought by Julia Ann Cruse to recover for the death of her husband, who was thrown from his horse while intoxicated, receiving injuries therefrom from which he afterwards died. The declaration in that case alleged among other things "that the proximate cause of the accident which

resulted in his death was intoxication, and that two
drinks given him by appellant contributed to cause
such intoxication; that said two drinks of intoxicating
liquor were given to said husband of appellee by appel-
lant as an act of mere courtesy and politeness, and
not for any pay, profit, benefit or advantage to appel-
lant," and the question before the court there was as
to whether, on the facts as alleged, Julia Ann Cruse,
as such administratrix, was entitled to recover. The
court in construing the Dramshop Act in that case laid
down certain fundamental principles which have not
been overruled or set aside by any subsequent decision
of that court. Among other things the court said:
"It was not a tort, at common law, to either sell or
give intoxicating liquor to a 'strong and able-bodied
man,' and it can be said safely, that it is not anywhere
laid down in the books that such act was ever held, at
common law, to be culpable negligence, that would im-
pose legal liability for damages upon the vendor or
donor of such liquor. The present suit can in no sense
be regarded as an action of tort at common law."
Citing, *Meidel v. Anthis,* 71 Ill. 241.

It was conceded by counsel for the administratrix
in the *Cruse v. Aden* case, *supra,* that all of the sec-
tions of the Dramshop Act then in force, with the
exception of sections 6 and 9 (J. & A. ¶¶ 4605, 4609)
were directed against dramshop keepers and those
engaged in the liquor traffic, but it was insisted that
sections 6 and 9 of said Act had a broader effect, and
that those sections gave a right of action against any
person, whether dramshop keeper or not, who should
sell or give intoxicating liquor to another causing his
intoxication, and by reason of which intoxication the
person suing was damaged in person, property or
means of support. The court in passing on the ques-
tion thus raised by said administratrix, at page 235
of the opinion in said case, says: "Section 13 of arti-
cle 4 of the Constitution of 1870 provides: 'No act

hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.' In the Revised Statutes of 1874 the title of the act under consideration is 'Dram Shops,' and the title of the act in full is, 'An Act to. provide for the licensing of and against the evils arising from the sale of intoxicating liquors.' If the intent and scope of said sections 6 and 9 are as broad as the contention of appellant claims they are, and include the acts of a person who is not engaged, either directly or indirectly, in selling intoxicating liquor, but who merely gives at his private residence, or elsewhere, a drink or two of wine, beer or other liquor to a guest, friend or neighbor, as a mere courtesy or act of politeness, and without any consideration whatever, pecuniary or otherwise, then it would seem such sections would, to the extent they include such acts of such person, be in violation of the constitutional provision we have cited, and void.'' If sections 6 and 9 would be unconstitutional if construed to include a right of action against persons other than dramshop keepers and those engaged in the sale of intoxicating liquors, then it would seem to follow that to construe section 6½ as giving a right of action against others than dramshop keepers and those engaged in the sale of intoxicating liquors would also be unconstitutional.

In our opinion appellant in this case is not entitled to recover on the case made by her declaration, but we do not base our opinion alone on the ground that section 6½ of the Dramshop Act would not afford appellant a right of recovery. In our judgment appellant cannot recover, either at common law or under the Dramshop Act, for injury to her means of support by reason of intoxication resulting in whole or in part from liquors sold to her, either by a dramshop keeper

or by any one else, under the circumstances set forth in her declaration. In other words, neither the common law nor the dramshop statute gives to a person a right of action against the seller or against any one procuring liquors for the person suing, where the person suing voluntarily and with full knowledge purchases the same or procures the person sued to procure them. To hold that one could recover under the allegations set forth in appellant's declaration, would savor too much of allowing a person to benefit by his or her own wrongful act. Counsel for appellant admit that they have been unable to find a single case where a person had recovered a judgment for injury to means of support by reason of intoxication caused in whole or in part by liquor sold or given to the person suing. The language used by appellant being: "We have searched the books in vain to find a case where a person who is himself injured has brought suit to recover for his own injuries under a similar Dramshop Act."

The Dramshop Act is penal in its character. It provides remedies unknown to the common law, and our Supreme Court has invariably held that it should be strictly construed, and that a plaintiff in order to recover must bring himself clearly within its terms. *Schulte v. Schleeper,* 210 Ill. 357; *Brannan v. Adams,* 76 Ill. 331; *Freese v. Tripp,* 70 Ill. 496; *Meidel v. Anthis,* 71 Ill. 241; *Cruse v. Aden,* 127 Ill. 231.

For the reasons stated the judgment of the trial court will be affirmed.

*Judgment affirmed.*