MALONE v. LAMBRECHT.

1. INTOXICATING LIQUORS—CIVIL DAMAGE—PROTECTED CLASSES.
   Civil damage provisions in statutes regulating the sale of intoxicating liquors are for the benefit and protection of only the wife, husband, child, parent, guardian, or other persons, if innocent, injuries to the intoxicated person himself not being within the terms of the statute (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

2. SAME—SALE TO INTOXICATED PERSON—CIVIL LIABILITY.
   Provision of statute regulating sale of intoxicating liquors whereby sale to an intoxicated person is prohibited does not afford such person a right of action against seller for injury sustained while intoxicated (Act No. 8, § 29, Pub. Acts 1933 [Ex. Sess.]).

3. CONSTITUTIONAL LAW—INTOXICATED PERSON'S RIGHT OF ACTION FOR DAMAGES.
   Whether statute regulating sale of intoxicating liquors should afford an intoxicated person a right of action for injuries sustained as a result of the unlawful sale to him of intoxicating liquor while he was in such condition is a matter for the legislature and not for the courts.

4. INTOXICATING LIQUORS—CIVIL LIABILITY—PRINCIPAL AND AGENT —CONSTRUCTION OF STATUTES.
   Provision of statute regulating sale of intoxicating liquors imposing civil and criminal liability for violation of the statute upon both principal and agent engaged in selling alcoholic liquor was not intended to and did not enlarge other provisions providing for and defining the extent of civil damage liability (Act No. 8, §§ 22, 29, 44, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

Appeal from Wayne; Webster (Arthur), J. Submitted January 15, 1943. (Docket No. 78, Calendar No. 42,191.) Decided April 6, 1943.

Case by Cleveland Malone against John Lam-
brecht and Western Casualty & Surety Company,
a corporation, for injuries sustained while intoxi-
cated on defendant Lambrecht's premises.   Judg-
ment for defendant.   Plaintiff appeals.   Affirmed.

*Robert D. Anspach* (*A. Lewis Fineburg,* of coun-
sel), for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for
defendant.

NORTH, J.   This is a suit to recover damages for
injuries sustained by plaintiff, an adult person,
on the premises of defendant John Lambrecht.
Plaintiff's amended declaration alleges defendant
Lambrecht was the owner and operator of an estab-
lishment licensed by the Michigan liquor control
commission to sell intoxicating liquor; that on Janu-
ary 18, 1942, plaintiff entered Lambrecht's estab-
lishment in a sober condition and while there he
purchased and drank liquor which caused him to be-
come intoxicated; that defendant Lambrecht con-
tinued to sell liquor to plaintiff while in his intox-
icated condition; and that while plaintiff was so
intoxicated, defendant Lambrecht or his agent di-
rected the plaintiff to a washroom in the basement
of the building, and while going to that washroom
plaintiff fell down a stairway and was seriously
injured.   Plaintiff alleges that his injuries resulted
solely from the acts of defendant Lambrecht in il-
legally selling to plaintiff intoxicating liquor while
plaintiff was already intoxicated, and that defend-
ant Lambrecht was in duty bound not to sell liquor
to plaintiff while he was intoxicated.

The surety on Lambrecht's bond is joined as a
defendant.   The defendants answered the declara-
tion and made a motion for judgment in favor of

defendants, primarily on the ground that plaintiff's declaration did not state a cause of action. This motion was granted and plaintiff has appealed. In support of his contention that the declaration does set forth a cause of action, plaintiff urges that section 22 of Act No. 8, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-37, Stat. Ann. 1942 Cum. Supp. § 18.993), so changes or differs from former statutory provisions as to permit an adult person who voluntarily becomes intoxicated to sustain an action for personal injuries resulting from that intoxication against the person who unlawfully sold him liquor while he was intoxicated. We are of the opinion that the pertinent statutory provisions cannot be so construed.

Under earlier statutes which did not differ materially in the pertinent provisions, we have repeatedly held that one who is active in bringing about the intoxication may not recover for injuries resulting therefrom. The uniform holding in this jurisdiction has been that the civil damage provisions in the statute were for the benefit and protection of innocent parties only. In *Brooks* v. *Cook*, 44 Mich. 617 (38 Am. Rep. 282), Justice Cooley in construing a like statute which provided a cause of action for every injured "wife, child, parent, guardian, husband or *other person*," said:

"The statute (Act No. 231, Pub. Acts 1875, as amended by Act No. 193, Pub. Acts 1877) unquestionably contemplates that there shall be three persons concerned: the person selling, giving or furnishing, the person receiving and causing an injury, and the person injured. * * *

"Doubtless the statute might have extended its benefits to the intoxicated person, but if such were the intent it is surprising that it was not distinctly and unequivocally expressed. It was as easy to

designate the party himself as it was his wife, child, guardian, et cetera.''

We forego quoting at length the persuasive reasoning used by Justice COOLEY in reaching the conclusion, concurred in by the other justices, that the intoxicated person himself was not within the terms of the statute. This phase of the holding in the *Brooks Case* is approvingly noted in *Flower* v. *Witkovsky,* 69 Mich. 371, and *Heikkala* v. *Isaacson,* 178 Mich. 176 (50 L. R. A. [N. S.] 857). Another decision holding that one who is a party to the procurement of the intoxication could not maintain an action under a like statute is found in *Rosecrants* v. *Shoemaker,* 60 Mich. 4. We quote from the syllabus:

''A wife, suing solely in her own right under Act No. 191, Pub. Acts 1883, to recover damages for the unlawful sale of liquor to her husband, cannot complain of any evil she herself has caused, and if she encouraged or requested such sale, she does not stand on the footing of an innocent, injured party and cannot recover.''

Our decision was to the same effect in *Morton* v. *Roth,* 189 Mich. 198. The trial court directed a verdict for the defendant; and this court's opinion on the appeal concludes as follows:

''But plaintiff is seeking to recoup himself, in a pecuniary way, for consequences for which he was directly and actively responsible. In my opinion he is not an 'other person' within the meaning of the statute sued upon (2 Comp. Laws 1897, § 5398), and the ruling and direction complained about were right.''

If the legislature in enacting our more recent statutes had intended to depart from the long-established construction of the civil-damage provi-

sions of like enactments above noted, it seems certain that it would have expressed such intention in clear and definite terms. Instead the recent enactments follow quite literally the wording of the earlier provisions of like character. The pertinent provision in the present statute reads:

"Every wife, husband, child, parent, guardian, *or other persons* who shall be injured in person or property, means of support or otherwise, *by an intoxicated person* by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action." Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937.

Even from the wording alone of this quoted portion of the statute, it seems clear that the injury for which a right of action is provided must be an injury "by an intoxicated person." It would be doing violence to the statute to construe it as providing for the intoxicated person a right of action for an injury caused by himself. Nor can it be held that the provision in section 29 of the liquor control act (Comp. Laws Supp. 1940, § 9209–44 [Stat. Ann. § 18.1000]), which makes it unlawful to sell liquor to an intoxicated person, gives a right of action to such intoxicated person. The statute does not so provide. Whether such a provision should be embodied in our statute is within the province of the legislature, not the courts.

In support of his contention that the civil damage provision of the present statute should be construed more broadly than like provisions in former statutes and so as to give a right of action to the intoxicated person, appellant asserts: "For the first time in the history of the State" upon the enactment of the present statutory provisions "it became illegal for

a vendor to sell liquor to a person in an intoxicated condition." This assertion is erroneous. See Act No. 231, § 1, Pub. Acts 1875; 1 How. Stat. § 2278; 2 Comp. Laws 1897, § 5386. Similar civil damage provisions were in the statutes when cases hereinbefore cited were decided by this court.

Also appellant stresses to some extent the provisions of section 44 of the present statute as a statutory basis of recovery. In substance section 44 provides that a principal or agent engaged in selling alcoholic liquor shall be liable both civilly and criminally for violations of the statute. Appellant's contention is not tenable; and we think it clear that section 44 was not intended to and does not enlarge the express provisions found earlier in the act which provide for and define the extent of civil damage liability.

The judgment entered in the circuit court dismissing plaintiff's suit is affirmed, with costs to appellees.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.