Earl EVANS, as Administrator of Estate of
George Allen Furman, Deceased,
Appellant,

v.

Beulah KENNEDY, d/b/a Kennedy's Inn,
a/k/a Kennedy's Lounge, Iowa City, Iowa,
and William Rotter, d/b/a Farmer's Inn,
Hills, Iowa, Appellees.

No. 53010.

Supreme Court of Iowa.

Oct. 15, 1968.

Nolan, Lucas & Nolan, Iowa City, for appellant.

Herrick, Langdon, Sandblom & Belin, Des Moines, and Hart Shulman, Phelan & Tucker, Iowa City, for appellee, Beulah Kennedy, d/b/a Kennedy's Inn, a/k/a Kennedy's Lounge.

Klockau, McCarthy, Schubert, Lousberg & Ellison, Rock Island, Ill., and Bartley, Bartley, Diehl & Thornton, Iowa City, for appellee, William Rotter, d/b/a Farmer's Inn.

LARSON, Justice.

On October 20, 1966, plaintiff Earl Evans, administrator of the estate of George Allen Furman, filed his petition against two liquor licensees seeking damages under chapter 123 of the Code of Iowa, commonly referred to as the Iowa Dram Shop Act. Therein plaintiff alleged that George Allen Furman was involved in an automobile collision on June 19, 1965, in which he received serious injuries resulting in his untimely death, that prior to the accident plaintiff's decedent Furman had been served intoxicating liquors by the defendants, their agents or employees, to a point of intoxication and while he was intoxicated, and that as a result of the conduct of defendants plaintiff's estate was damaged for the "untimely death" of decedent in the sum of $35,500 and any amount recovered by the Sunray DX Oil Company as a result of pending litigation against the estate as a result of this collision. Judgment therefor was demanded.

On November 3, 1966, defendant Beulah Kennedy, d/b/a Kennedy's Inn, a/k/a Kennedy's Lounge, Iowa City, Iowa, hereinafter referred to as Kennedy, filed a motion to dismiss which was overruled by one of the judges of the district on February 6, 1967. On February 7, 1967, defendant William Rotter, d/b/a Farmer's Inn, Hills, Iowa, hereinafter referred to as Rotter, filed a motion to strike and make more specific, and later asked leave of court to amend his motion. On September 21, 1967, another judge of the district sustained this motion to strike from the petition of plaintiff paragraphs 9 and 10 and "all reference to demands made in said paragraph 9 and paragraph 10 contained in the prayer for relief * * *" for the reason that they "seek indemnification from this Defendant under provision of Chapter 123, Section 95, 1966 Code of Iowa, * * * that said statute does not provide for such damages, * * *."

Thereafter on September 26, 1967, Kennedy filed a motion to reconsider the denial of her motion to dismiss, and on October 18, 1967, the court complied, reversed its previous order and sustained the motion to dismiss as to Kennedy. Plaintiff appeals both rulings and we consider them together.

In its ruling upon the motion to strike the trial court gave as its reason "that Section 123.95 of the 1966 Code of Iowa, generally known as 'The Dram Shop Act', was not enacted for the benefit of one who voluntarily becomes intoxicated and then injures or kills himself while driving under the influence of intoxicating liquor or while intoxicated. That law was passed for the benefit of other persons who are injured as a result of his intoxication, such as his wife or children who lose support, or persons who are injured because of a collision he might have." It then held that under the pleadings neither George Allen Furman "nor his estate can recover for his wrongful death nor for any sum which the estate paid in settlement of a judgment obtained by another individual

who was injured on account of his driving while intoxicated."

The vital issue raised in this appeal is, does the Iowa Dram Shop Act, and particularly section 123.95 of the 1966 Code of Iowa, provide for a cause of action brought on behalf of the estate of a fatally-injured intoxicated person against the liquor licensees who served the decedent intoxicating liquor to a point of intoxication or while in an intoxicated condition?

Section 123.95 of the 1966 Code provides:

"Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person or resulting from the intoxication of any such person, shall have *a right of action,* severally or jointly against any licensee or permittee who shall sell or give any beer or intoxicating liquor to any such person while he is intoxicated, or serve any such person to a point where such person is intoxicated for all damages actually sustained. * * *" (Emphasis added.)

■ I. Appellant first contends his petition was not properly subject to a motion to dismiss. He contends defendant should be required to affirmatively plead and prove that decedent's intoxication was voluntary in order to fairly deprive appellant of his right of action under chapter 123. We are unable to agree.

■ It is true that a motion to dismiss is only sustainable where it appears to a certainty that a plaintiff would not be entitled to any relief under any statement of facts which could be proved in support of the claim asserted by him. Liken v. Shaffer, D.C., 64 F.Supp. 432, 446; Burd v. Board of Education of Audubon County, 260 Iowa 846, 855, 151 N.W.2d 457. The rule recognized in Burd is that a motion to dismiss is limited to the failure to state any claim on which relief can be granted. Also see R.C.P. 104(b).

However, it must be remembered that here plaintiff chose to bring his action under the provisions of chapter 123 of the Code of Iowa, not as a common-law negligence action. It is necessary, therefore, for him to bring himself within the terms of the statute. Unless there is some provision in the state which would sustain the contention that defendants were obligated to plead and prove voluntariness on the part of the intoxicated person or predicate his defense on contributory negligence or related defenses, the motion was good. We find no such provision in section 123.95 of the Code, and find the case of Weymire v. Wolfe, 52 Iowa 533, 3 N.W. 541, cited by appellant, not in point. Therein the cause was pleaded in terms of common-law liability.

■ Although there are frequent references by courts (including the trial court here) to the fault of the intoxicated person, we are satisfied this is not an element which must be considered to exclude him from coverage under the statute. Consideration of this element might be the reason he was excluded from coverage in the Act itself and, if this conclusion seems unjust or unfair, recourse should be to the legislature, not to us. If, then, no right of action is given an intoxicated person to recover for his injuries under the statute, we must also hold plaintiff failed to state a claim upon which relief can be granted and the trial courts' rulings were correct.

In short, decedent's volition is irrelevant to his right of action under the statute and, therefore, defendants were not required to affirmatively plead and prove voluntariness or any other of the complicity defenses applicable to common-law tort principles.

■ II. Appellant's prime contention is that the trial court erred in holding that the words "or other person" in section 123.95 do not include the administrator of a decedent who became intoxicated while being served in the place of business of a licensee or permittee and as a result thereof was injured and died. As we understand this assignment, plaintiff contends

he as administrator, is such an "other person" and that he has pleaded a good cause of action which is not subject to a motion to dismiss, but requires the defendant licensees to plead and prove an affirmative defense.

Obviously, then, we have first of all a question of statutory interpretation. Did the legislature intend to extend this statutory right of action to the intoxicated party or his legal representative by the use of the term "other person"?

It is generally held under a statute similar to section 123.95 that a right of action against a person selling liquors, for injuries to person and property from such sale, does not extend to injuries sustained by the person to whom the liquor is sold and whose intoxication is caused thereby. Perhaps the leading case construing such a statute is Brooks v. Cook, 44 Mich. 617, 7 N.W. 216 (1880). Therein Judge Cooley stated:

"The question in this case is, whether one who becomes intoxicated in a saloon, upon liquor there sold to him by the keeper, and who while in that condition has his pockets picked, may maintain an action against the keeper to recover the money taken from him?" The question arose under an act commonly called the police act. It "provides among other things that 'every wife, child, parent, guardian, husband or other person, who shall be injured in person or property or means of support, by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving or furnishing any spirituous, intoxicating, fermented or malt liquors to any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury.'

"The question is one of the construction of the statute. Is the person to whom the liquor is sold, etc., and who in consequence sustains an injury, one of the persons for whose benefit the statute is passed? * * * So far as the statute attempts any enumeration of persons who may sue, they all stand in some one of the domestic relations to the person to whom the liquor is sold, given or furnished. To that extent the statute unquestionably contemplates that there shall be three persons concerned: the person selling, giving or furnishing, the person receiving and causing an injury, and the person injured. But there might be other cases equally meritorious with these, (see English v. Beard, 51 Ind. 489; Bodge v. Hughes, 53 N.H. 614;) and therefore after enumerating wife, child, parent, guardian and husband, the statute extends the right of action to other persons injured.

"Does it intend among the other persons who may sue to include the person himself whose intoxication causes or is the occasion or reason of the injury? Doubtless the statute might have extended its benefits to the intoxicated person, but if such were the intent it is surprising that it was not distinctly and unequivocally expressed. It was as easy to designate the party himself as it was his wife, child, guardian, etc. Moreover the man himself may generally be supposed to be injured in some degree by intoxication, so that his case would furnish the most frequent occasion for a suit if he should see fit to resort to legal proceedings. It would be very remarkable that a statute in enumerating the persons who should share in its benefits should omit to name the very one who would most often be entitled to its aid. But 'tis a sensible and well understood rule of construction that when after an enumeration, the statute employs some general term to embrace other cases, the other cases must be understood to be cases of the same general character, sort or kind with those named. (Citing cases)

"Apply this rule here, and the party intoxicated is excluded. The persons enumerated are persons who stand to him in special relations, and it is therefore to be assumed that 'any other person' who may

sue must also stand to him in some special relation so as to be injured by his intoxication or by the sale, etc., to him. A creditor might perhaps stand in that relation under some circumstances, or a contractor, or servant, or the master of a vessel, or a traveler passing him in the street, and so on. But he could not stand in any such relation to himself, and therefore cannot be understood as embraced in the terms, 'wife, child, parent, guardian, husband or other person,' injured in person, property or means of support by himself, or by reason of his intoxication or by the sale, etc., of intoxicating drinks to himself. * * *"

We cannot improve on this discussion and conclusion.

To a like effect, also see Malone v. Lambrecht, 305 Mich. 58, 8 N.W.2d 910 (1943); Morton v. Roth, 189 Mich. 198, 155 N.W. 459; Holmes v. Rolando, 320 Ill.App. 475, 51 N.E.2d 786 (1943); Bennett v. Auditorium Bldg. Corp., 299 Ill.App. 139, 19 N.E.2d 626; Buntin v. Hutton, 206 Ill.App. 194; Empire Fire & Marine Ins. Co. v. Williams, 265 Minn. 333, 121 N.W.2d 580; Randall v. Village of Excelsior, 258 Minn. 81, 103 N.W.2d 131.

■ The reasoning of Judge Cooley in Brooks is still sound today. Obviously, the so-called Dram Shop Act was passed to aid in the protection of the public from damages inflicted on it by intoxicated persons, but this does not mean the Act (chapter 123 of the Code) was intended to allow a person who overindulges to recoup his losses incurred as a result of his intoxication. As Judge Cooley pointed out, it may be possible to state facts in a complaint which will disclose actionable negligence against a liquor licensee under the common law, but there, as here, the action was predicated solely upon the statutory provisions, not on a common-law right of action. For limitations on such common-law actions, see Cowman v. Hansen, 250 Iowa 358, 92 N.W. 2d 682. However, it must be clearly understood that we do not here pass upon the question of whether the intoxicated person

under certain facts does have an action at common law for injuries proximately caused by a liquor licensee. That is not the case presented.

In Malone v. Lambrecht, supra, 305 Mich. 58, 62, 8 N.W.2d 910, 912, the Michigan court denied recovery under a similar statute where the intoxicated person was directed to a washroom by a bartender, fell, and was injured, stating: "It would be doing violence to the statute to construe it as providing for the intoxicated person a right of action for an injury caused by himself. * * *"

In Morton v. Roth, supra, 189 Mich. 198, 202, 155 N.W. 459, 460, the Michigan court previously made clear its position in a case where an intoxicated person attempted to recover for the injuries caused by his own intoxication, stating the intoxicated person "is not an 'other person' within the meaning of the statute sued upon, * * *."

The State of Illinois, with similar provisions in its statute, has ruled repeatedly that an intoxicated person does not under this statute, as a matter of law, have a right of action against a liquor licensee for injuries caused by the intoxicated person himself. In Buntin v. Hutton, supra, 206 Ill.App. 194, 199, upheld in Bennett v. Auditorium Bldg. Corp., 299 Ill.App. 139, 19 N.E.2d 626 the court stated: "* * * neither the common law nor the dramshop statute gives to a person a right of action against the seller * * * where the person suing voluntarily and with full knowledge purchases the same * * *. To hold that one could recover under the allegations set forth in appellant's declaration, would savor too much of allowing a person to benefit by his or her own wrongful act."

Perhaps the leading Illinois case in point is Holmes v. Rolando, supra, 320 Ill.App. 475, 482, 51 N.E.2d 786, 789. There the plaintiff alleged that he became intoxicated in defendant's tavern. After he became intoxicated, the plaintiff and defendant's bartender engaged in a brawl and plaintiff received severe personal injuries. His pe-

tition alleged in Count I a willful assault by the bartender, and in Count II a cause based on the dram shop provisions. When the court refused to grant defendant's motion for judgment in Count II, the appellate court reversed, stating: "Since the enactment of the Dram Shop Act of 1874 there has been no reported case where a plaintiff has been awarded damages in consequence of his own voluntary intoxication, nor has there been one cited from other jurisdictions, where legislation comparable to ours is in force. Pause, if you will and contemplate the vast number of claims that may be urged by drunks, if they were entitled to every expense and injury that are natural concomitants· of intoxication. Surely the legislature did not intend them to be compensative under the statute."

Although this is a case of first impression in this court, several district courts in Iowa have passed upon the question. In Azure v. Sederstrom, the District Court of Scott County, Iowa, in August 1967 held a petition which alleged plaintiff had been served alcoholic beverages by the defendant until he became intoxicated, and as a result of which he drove his car into a utility pole causing damage to his car and personal injuries to himself, did not state a cause of action under section 123.95 of the Code. In Roll v. Kisner, the District Court of Fayette County, Iowa, on January 31, 1968, dismissed an action brought under section 123.95 of the Code wherein it was alleged defendant furnished plaintiff intoxicating liquor at her place of business causing his intoxication and resulting in a fight with another and injuries to plaintiff.

In both of these cases the authorities we have mentioned were considered and cases from states with dissimilar statutes which reached contra results were distinguished. In fact, we have been unable to find any decision involving a statute with similar provisions which reaches a contrary result. Appellant cites none.

We are satisfied section 123.95 does not provide a cause of action for a person who becomes intoxicated as a result of being served beer or intoxicating beverages by a liquor licensee in this state.

III. Of course, it is obvious under the Iowa survivorship statute that if the intoxicated person himself could not maintain a cause of action, his estate has no standing either. Engle v. Nelson, 220 Iowa 771, 263 N.W. 505; Hewitt v. Ogle, 219 Iowa 46, 256 N.W. 755. Under our recent pronouncement in Wendelin v. Russell, 259 Iowa 1152, 147 N.W.2d 188, we held the estate representative of the innocent party or the parties named in the statute could maintain a wrongful death action under the Iowa survivorship statute. In other words, complicity would under certain circumstances prevent even one named in the statute from recovery of damages caused by the intoxicated person. Engleken v. Hilger, 43 Iowa 563. Also see Kearney v. Fitzgerald, 43 Iowa 580. In Wendelin we did not intend to infer that persons who involuntarily become intoxicated are innocent parties included in the statute, and that only those who become intoxicated voluntarily and intentionally are excluded from coverage under section 123.95 of the Code, as plaintiff seems to contend here. The mental condition of the person who imbibes too freely is not a test as to defend-· ant liability. It is the special statutory relationship to the intoxicated person, we think, that determines eligibility to recover under this statute.

In any event, we find no authority to support appellant's contention that the administrator of a deceased drunk falls within the description of the term "or other person" and must hold, in the absence of anything to indicate such was the intent of the legislature, that he is not so included.

IV. Being satisfied the plaintiff has failed to state a cause of action upon which any relief can be granted under the so-called Dram Shop Act, we must affirm the decisions of the trial courts herein.

Affirmed.

All Justices concur.