### TODD v BIGLOW

1. MOTIONS—SUMMARY JUDGMENT—CAUSE OF ACTION—PLEADING.

    A motion for summary judgment on the ground that a pleading of an opposing party has failed to state a claim or defense is to be tested by the pleadings alone (GCR 1963, 117.2[1], [2]).

2. EVIDENCE—PLEADING—QUESTION OF FACT—SUMMARY JUDGMENT—INTERROGATORIES—DEPOSITIONS.

    Reference to evidence beyond the pleadings is required in testing a motion for summary judgment on the ground that there is no genuine issue as to any material fact; interrogatories and depositions are relevant in deciding a motion only if the ground stated for summary judgment is that there is no genuine issue of material fact (GCR 1963, 117.2[3], 117.3).

3. JUDGMENT—SUMMARY JUDGMENT—DRAMSHOP ACT—ISSUES OF FACT —ORAL ARGUMENT—DEPOSITIONS—INTERROGATORIES—PREJUDICE.

    The use in a dramshop act case of depositions and interrogatories in deciding a motion for summary judgment, where oral argument and depositions were directed to the question of the plaintiff's participation in causing the intoxication of her husband, caused no prejudice or surprise to the plaintiff where the parties had stipulated to the use of the depositions and interrogatories and the actual ground for the motion was that there was no issue of material fact even though the motion was brought on the ground that the pleadings failed to state a claim or defense.

4. INTOXICATING LIQUORS—DRAMSHOP ACT—ACTIVE PARTICIPATION.

    Recovery under the dramshop act is not extended to a third

REFERENCES FOR POINTS IN HEADNOTES

[1–3] No references.

[4, 5] 45 Am Jur 2d, Intoxicating Liquors § 554.

    Liability of persons furnishing intoxicating liquor for injury or death of consumer, outside coverage of civil damage acts. 54 ALR2d 1152.

[6] 45 Am Jur 2d, Intoxicating Liquors § 561 *et seq.*

person who actively participates in causing the inebriation complained of.

5. INTOXICATING LIQUORS—DRAMSHOP ACT—DRINKING COMPANIONS.

Merely accompanying and drinking with an intoxicated person does not, as a matter of law, bar recovery under the dramshop act.

6. INTOXICATING LIQUORS—SUMMARY JUDGMENT—DRAMSHOP ACT— ACTIVE PARTICIPATION—QUESTION OF FACT.

Summary judgment denying recovery under the dramshop act was improper before the question of whether the plaintiff's conduct in voluntarily accompanying her husband when he became intoxicated, drinking with him, and voluntarily becoming a passenger in the car he was driving while intoxicated, constituted active participation sufficient to bar recovery; the question of active participation should have been decided after trial by a finder of fact.

Appeal from Hillsdale, Kenneth G. Prettie, J. Submitted Division 2 November 8, 1973, at Lansing. (Docket No. 16711.) Decided January 17, 1974. Leave to appeal denied, 391 Mich 816.

Complaint by Shirley Todd against Richard R. Biglow and Wolverine Insurance Company under the dramshop act for damages for injuries sustained as a passenger in a car driven by her husband. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*MacRitchie & Welper,* for plaintiff.

*Dimmers, Dimmers & Loren,* for defendants.

Before: BASHARA, P. J., and McGREGOR and BRONSON, JJ.

BASHARA, P. J. On the night of July 6, 1968, Shirley Todd, appellant herein, and her husband met another couple at the Big Oaks Tavern in Moscow, Michigan. They were later joined at their table by a bachelor friend. Numerous rounds of

beers were ordered and paid for by the men through an agreed monetary arrangement.

The appellant did not pay for any of the libations nor did she order for anyone but herself. It is undisputed that appellant's husband consumed not only his own alcoholic beverages, but three or four of those which had been ordered for appellant.

The Todds left the Big Oaks Tavern at about 12:30 a.m. with Mr. Todd at the wheel of their auto. The record discloses that Mr. Todd was probably intoxicated, and while driving in this condition overturned his automobile, seriously injuring the appellant.

The appellant commenced suit against the owner of the tavern and his insurer, under the dramshop act.[1] Depositions were taken from appellant, her husband, appellee owner of the tavern, and two waitresses employed by appellee on the fateful evening.

Appellees filed a motion for summary judgment stating that "plaintiff [appellant] has failed to state a cause of action upon which relief can be granted". Their motion was based on the grounds that appellant was not an innocent party and could not recover under dramshop act provisions. The trial judge agreed and after considering briefs, depositions, and oral argument, granted the motion for summary judgment in favor of appellees. It is upon the aforementioned factual framework that this appeal is staged.

Appellant first alleges error by the trial judge when he examined the depositions and interrogatories of the parties in deciding the motion for summary judgment. Appellant contends that only the pleadings and stipulated facts are relevant in deciding such a motion. The problem of determin-

[1] MCLA 436.22; MSA 18.993.

ing what evidence should be used by the trial court in disposing of certain motions for summary judgment has existed since the adoption of GCR 1963, 117.[2] A motion based solely on GCR 1963, 117.2(1) or 117.2(2) (formerly motion to dismiss and judgment on the pleadings, respectively) is to be tested by the pleadings alone. *Chatham Super Markets, Inc v Ajax Asphalt Paving, Inc,* 370 Mich 334; 121 NW2d 836 (1963); *Johnston's Administrator v United Airlines,* 23 Mich App 279; 178 NW2d 536 (1970). Interrogatories and depositions are relevant only if the ground stated for summary judgment is that there is no genuine issue of material fact—not if it is asserted that the pleading fails to state a claim or defense. *Drouillard v City of Roseville,* 9 Mich App 239; 156 NW2d 628 (1967). The members of the bench and bar have had little difficulty in determining that motions brought under GCR 1963, 117.2(3) for no genuine issue of material fact are controlled by GCR 1963, 117.3 requiring reference to evidence beyond the pleadings in testing the motion. See *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). The trouble arises, as the Author's Comments to this rule[3] state:

"when affidavits are filed supporting a motion grounded ostensibly upon sub-rules 117.2(1) and (2), but seeking judgment under 117.2(3)".

The authors indicate that in these situations the courts have proceeded to analyze the motion on the basis of GCR 1963, 117.2(3) as long as neither party is misled:

---

[2] *See* Hawkins and Dick, *Integrated Pre-Trial Attack on a Pleading: A Critical Evaluation of Michigan New Summary Judgment Rule,* 1969, 2 Prospectus (Journal of Law Reform) 311 (1969).

[3] 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1972 Supp, pp 83–84.

"However, in decisions under Rule 117, the court has proceeded to an examination of the question of the existence of a material issue of fact, where affidavits in support of the motion have been filed, although the motion read as one grounded upon failure to state a valid cause of action. (Citations omitted.) To the extent that the party opposing the motion is not misled, and is prepared to show that a question of fact does exist, the hearing should proceed on that basis, to achieve the benefits intended by the integration of functions under Rule 117. If, however, the party opposing the motion is misled to believe that only a challenge to the legal sufficiency of his pleading is intended, it would be unjust to proceed under sub-rule 117.2(3), unless a reasonable opportunity is granted to file opposing affidavits."[4]

It is because the instant case presents a situation analagous to that used in the foregoing hypothetical example that we review the record for possible prejudice. Although the motion was apparently brought under GCR 1963, 117.2(1) it is clear that all concerned were proceeding under GCR 1963, 117.2(3). The oral argument and depositions were directed to the question of appellant's participation in causing the intoxication of her husband. Further, the parties stipulated to the use of the depositions and interrogatories by the trial judge in deciding the motion. We find no prejudice or surprise to the appellant by the trial judge's use of such documents.

The second issue raised is of far greater import. It is well stated by the parties in the following rather lengthy question:

Was the trial judge correct when he ruled that under the Michigan dramshop act in effect in July of 1968, a wife is barred, as a matter of law, from recovery against a tavern owner for injuries sustained when she volun-

---

[4] *Id* at p 84.

tarily accompanied her husband to a tavern, drank intoxicating beverages purchased by others, did not protest when her husband consumed some of the drinks bought for her, and voluntarily became a passenger in a vehicle operated by her husband when she knew that he was in an intoxicated condition?

It is clear that in Michigan recovery under the dramshop act is not extended to a third person who actively participates in causing the inebriation complained of. The theory for this rule had its genesis in the ancient case of *Rosecrants v Shoemaker,* 60 Mich 4; 26 NW 794 (1886);[5] and was most clearly enunciated in *Malone v Lambrecht,* 305 Mich 58; 8 NW2d 910 (1943). The learned trial judge relies heavily upon these two decisions in arriving at his opinion.

We quite agree with the trial judge that there appear to be no Michigan cases directly on point with the facts in the instant case. The Michigan Supreme Court has on various occasions barred recovery to individuals who have imbibed with an intoxicated person at a defendant's bar and paid for several drinks after intoxication was apparent, *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964), and where a plaintiff paid for drinks consumed by an intoxicated minor, *Morton v Roth,* 189 Mich 198; 155 NW 459 (1915). The essence of these cases and others cited in the parties' briefs is that "active participation" will be required to exclude recovery by plaintiff; see *Malone, supra.*

The trial court and appellee also rely upon Illinois law which holds that mere willing and voluntary participation in another's drinking ac-

[5] It is important to note that the statute then in effect did not require an illegal sale of liquor as is now required under MCLA 436.22; MSA 18.993. It may be that the courts were more restrictive in giving relief to certain persons because of the ease in showing simple sales of liquor.

tivity prohibits dramshop act protection. *Holcomb v Hornback,* 51 Ill App 2d 84; 200 NE2d 745 (1964); *Guardado v Navarro,* 47 Ill App 2d 92; 197 NE2d 469 (1964). However these cases are based upon an Illinois statute which bars recovery for both legal and illegal sales. Those cases and that statute do not appear to be controlling in the case at bar.

We are persuaded by the reasoning found in New York decisions[6] that merely accompanying and drinking with an intoxicated person does not, as a matter of law, bar recovery to plaintiff. In *Mitchell v The Shoals, Inc,* 19 NY2d 338; 227 NE2d 21 (1967), the Court stated that a woman who neither encouraged nor purchased drinks for her companion was within the statute allowing recovery. The Court further stated:

"It is our view that the injured person must play a much more affirmative role than that of drinking companion to the one who injures him before he may be denied recovery against the bartender or tavern keeper who served them."

In view of the conflicting authority as to who is an innocent person under our present statute, we conclude that summary judgment as a matter of law was improper. The question of whether appellant's conduct constituted such "active participation" should be decided after trial by a finder of fact.

We therefore reverse and remand to the trial court for a hearing on the merits.

All concurred.

---

[6] The New York dramshop statute is substantially the same as Michigan's.