KANGAS *v.* SUCHORSKI.

1. INTOXICATING LIQUORS—ACTION UNDER DRAMSHOP ACT.

The intoxicated person himself and those who contributed to his intoxication have no right of action under the so-called dramshop or civil damage act (CL 1948, § 436.22, as amended by PA 1958, No 152).

2. SAME—DRAMSHOP ACT—INNOCENT PARTY.

Plaintiff, injured by an intoxicated person to whom defendant bar owner had sold liquor during that state of intoxication, *held,* not entitled to recover damages from the bar owner or his

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Intoxicating Liquors § 525 *et seq.*
[2] 30 Am Jur, Intoxicating Liquors § 547.
[3] 30 Am Jur, Intoxicating Liquors §§ 520–524.

surety for such injuries under the so-called dramshop or civil
damage act, where plaintiff himself had also purchased some-
of the liquor consumed by the intoxicated person while so in-
toxicated, since plaintiff was not an innocent party (CL 1948,
§ 436.22, as amended by PA 1958, No 152).

3. SAME—CIVIL DAMAGE ACT—COMMON-LAW LIABILITY.

The remedy afforded a business invitee of a bar owner under the
civil damage act is the exclusive remedy, there being no com-
mon-law liability on the bar owner's part for negligence in
failing to maintain a suitable place and safe conditions for
business invitees with respect to damages for injuries inflicted
by intoxicated persons (CL 1948, § 436.22, as amended by PA
1958, No 152).

Appeal from Wayne; Wise (John M.), J. Sub-
mitted December 6, 1963. (Calendar No. 132, Docket
No. 49,782.) Decided March 5, 1964.

Case by Alfred Kangas against Alexander Suchor-
ski, doing business as 400 Bar, and his surety, the
Ohio Casualty Insurance Company, a foreign corpo-
ration, under the civil damage provision in the liquor
laws, and against John Exelby for personal injuries
inflicted by intoxicated person on August 1, 1959.
Judgment for plaintiff against defendant Exelby in
common pleas court, with no cause of action as to
defendants Suchorski and his surety. Judgment for
defendants upheld in circuit court and rehearing
denied. Plaintiff appeals. Affirmed.

*Donald Wm. Sargent* and *Leonard L. Lubnik,* for
plaintiff.

*Alexander, Buchanan & Conklin (Floyd Westcott,*
of counsel), for defendants Suchorski and Ohio
Casualty Insurance Company.

DETHMERS, J. This is a suit commenced in the
common pleas court for the city of Detroit, under

the so-called dramshop act (CL 1948, § 436.22, as amended by PA 1958, No 152 [Stat Ann 1959 Cum Supp § 18.993]), for damages resulting from an assault committed by defendant Exelby while he was intoxicated, defendant Suchorski, a retailer of liquor, allegedly having sold him liquor prior to the assault but during that state of intoxication. Defendant insurance company is the statutory surety on defendant Suchorski's bond. The trial court entered judgment of $3,000 for plaintiff against defendant Exelby, from which no appeal has been taken. At the same time, judgment of no cause for action was entered in favor of defendants Suchorski and the insurance company. Plaintiff's motion for new trial was denied. Plaintiff took an appeal to circuit court which affirmed the trial court. Upon rehearing denied there, plaintiff has appealed to this Court.

The testimony shows that plaintiff and defendant Exelby drank together in defendant Suchorski's bar. After Exelby had become intoxicated Suchorski served him further intoxicants. Plaintiff matched coins with Exelby to determine who was to pay for drinks. Some of the drinks served to Exelby after plaintiff knew that Exelby had become intoxicated were paid for by plaintiff and some for both of them were paid for by Exelby. A dispute arose between them as to whether plaintiff owed Exelby for some of the drinks. Exelby then struck plaintiff, causing the damage for which this suit was brought. Because plaintiff paid for some of the beer furnished Exelby while in an intoxicated condition, both courts below held he was not an innocent third party and, therefore, not entitled to recover from the bar owner or his surety under the statute in question.

Plaintiff stresses that the statute forbids the sale of liquor to an intoxicated person and imposes civil liability upon the retailer for injuries resulting to

any person by reason of such selling. He denies that the right to such recovery is limited by the statute to plaintiffs who are "innocent persons." He relies on *Heikkala* v. *Isaacson,* 178 Mich 176 (50 LRA NS 857), in which this Court affirmed a judgment for plaintiff against the dealer and his surety to compensate for injuries plaintiff sustained in defendant's bar resulting from an assault upon him by an intoxicated man to whom the dealer had sold liquor while he was intoxicated. This Court held that plaintiff's intoxication at the time or the fact that he may have aggravated his assailant would be no defense to the dealer or his surety. Although plaintiff in the instant case says that the plaintiff in *Heikkala* also paid for some of the drinks furnished his assailant, the quotation in plaintiff's brief here from the record in *Heikkala* fails to show this, it is not mentioned in this Court's opinion in that case, and such defense was not raised or considered by the Court. The case, therefore, does not aid in determination of the question here, whether plaintiff's contribution to his assailant's intoxication is a defense to the retailer and his surety.

In *McDaniel* v. *Crapo,* 326 Mich 555, 558, this Court, in considering the statute here involved, said, "The intoxicated person himself and those who contributed to his intoxication have no right of action. *Brooks* v. *Cook,* 44 Mich 617 (38 Am Rep 282); *Morton* v. *Roth,* 189 Mich 198; and *Malone* v. *Lambrecht,* 305 Mich 58." In *Brooks* it was held that plaintiff, who became intoxicated in defendant's saloon and and while in that condition had his pockets picked, could not recover from defendant keeper the money taken from him.

In *Morton* it was held that plaintiff could not recover against the defendant saloonkeeper under this act for injuries sustained by reason of the negligent operation of a motor vehicle by an intoxicated minor

to whom, while he was in that condition, the defendant had furnished liquor because plaintiff had paid for it and thus participated in the unlawful furnishing of liquor to an intoxicated minor.

In *Malone* plaintiff, while intoxicated, was sold liquor by defendant retailer, which he then consumed and, while still in that condition, fell and was injured. Denying him right to recover under the statute this Court said (p 60):

"Under earlier statutes which did not differ materially in the pertinent provisions, we have repeatedly held that one who is active in bringing about the intoxication may not recover for injuries resulting therefrom. The uniform holding in this jurisdiction has been that the civil-damage provisions in the statute were for the benefit and protection of innocent parties only."

In *Rosecrants v. Shoemaker,* 60 Mich 4, a wife sued defendant for damages resulting from his furnishing liquor to her husband who was killed, while intoxicated, by a train of cars. This Court reversed judgment for plaintiff because of refusal of trial court to charge the jury, as requested, that she could not recover if the jury should find, as testified for defendant, that the wife had authorized defendant to furnish the husband liquor or had herself purchased it from defendant for her husband's use. This Court said (p 7):

"As the wife sues solely in her own behalf, it is evident that she cannot complain of any evil which she has herself caused, and that, if she encouraged or requested the sale of liquor to her husband, she does not stand on the footing of an innocent injured party."

Plaintiff in the case at bar says of *Rosecrants* that the action was not, as here, based on the statute's prohibition of sale to an intoxicated person, but,

rather, on the violation of its provision permitting a wife to forbid a retailer to sell liquor to her husband. Plaintiff says that naturally a wife could not be permitted to recover for violation of her prohibition when she actually authorized the sale. The opinion refers, however, to PA 1883, No 191, § 16, p 215, which amended PA 1881, No 259. That section contains essentially the same language which is involved in the statuory provision controlling here. The provision for wifely prohibition of liquor sales to her husband is contained in section 2 of the 1881 act. It was not under consideration by the Court. The case does, therefore, have application to the case at bar. Plaintiff in the instant case was not, as required by the above holdings, an innocent person entitled to recover under the act.

Plaintiff's declarations contained a count 2, not based upon the civil damages provision of the act, but asserting common-law liability on defendant's part for negligence in failing to maintain a suitable place and safe conditions for business invitees. Such cause of action he may not assert, his exclusive remedy being under the civil-damage provisions of the statute. *Jones* v. *Bourrie,* 369 Mich 473.

Affirmed. Costs to defendants.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.