## LONGSTRETH v FITZGIBBON

Docket No. 62234. Submitted November 10, 1982, at Lansing.—Decided March 29, 1983. Leave to appeal granted, 418 Mich __.

  Jamie H. Longstreth, a minor, was killed in an automobile accident following his attendance at a wedding reception at which he was served alcoholic beverages. James H. Longstreth, individually, and as personal representative of the estate of Jamie H. Longstreth, deceased, and Carol Longstreth brought suit in Midland Circuit Court against Dennis Fitzgibbon, as personal representative of the estate of Bryan Fitzgibbon, deceased, the driver of the other vehicle involved in the accident, Gary L. Jackson and Francis L. Jackson, individually and doing business as Our Bar, and Edward Gensel, Iola Gensel, Samuel Langston and Myrna Langston, the hosts of the wedding reception. The court, David S. DeWitt, J., granted summary judgment for defendants Gensel and Langston, holding that the statute which proscribes the selling or furnishing of alcoholic beverages to minors applies only to licensees under the Michigan Liquor Control Act. The plaintiffs appealed. *Held:*

  A civil cause of action exists for injuries or death caused by the furnishing of liquor to a minor by a social host or other persons not falling under the purview of the Liquor Control Act. However, plaintiffs' complaint failed to state a cause of action upon which relief could be granted because the complaint was devoid of any allegations that defendants knowingly sold or furnished alcoholic liquor to a person who was less than 21 years of age or failed to make diligent inquiry as to whether the person was less than 21 years of age. The case should be remanded to the trial court to allow the plaintiffs to amend their complaint. If plaintiffs do not amend their complaint to conform with the opinion of the Court of Appeals the trial court may grant summary judgment for the defendants.

    Remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 45 Am Jur 2d, Intoxicating Liquors §§ 267, 268, 553.
[2] Liability of person furnishing, on social occasion, intoxicating liquor, for negligent acts of intoxicated minor causing injury to plaintiff. 53 ALR3d 1285.

1. INTOXICATING LIQUORS — FURNISHING TO MINORS.

> A common-law cause of action for damages may arise upon a violation of the statute which prohibits the dispensation of alcoholic beverages to minors (MCL 436.33; MSA 18.1004).

2. INTOXICATING LIQUORS — FURNISHING TO MINORS.

> A civil cause of action exists for injuries or death caused by the furnishing of liquor to a minor by a social host or other persons who do not fall under the purview of the Michigan Liquor Control Act (MCL 436.1 *et seq.;* MSA 18.971 *et seq.).*

*LeFevre, Swartz & Wilson* (by *Martin B. Wilson),* for plaintiff.

*Collison, Chasnis & Dogger, P.C.* (by *Charles C. Collison),* for defendants Gensel.

*Terence J. O'Neill,* for defendants Lanston.

Before: T. M. BURNS, P.J., and BEASLEY and K. N. HANSEN,* JJ.

PER CURIAM. Following a wedding reception on the evening of July 7, 1979, plaintiffs' decedent, Jamie H. Longstreth, was killed in an automobile collision. On November 12, 1980, plaintiffs, James H. Longstreth, individually and as personal representative for the estate of Jamie H. Longstreth, deceased, and Carol Longstreth filed a complaint in the Midland County Circuit Court against seven defendants, including Edward Gensel, Iola Gensel, Samual Langston and Myrna Lanston (hereinafter defendants), the hosts for the wedding reception. After the trial court granted defendants' motions for summary judgment on the ground that plaintiffs failed to state a cause of action, plaintiffs appealed as of right.

In their complaint plaintiffs alleged that defendants, who hosted a wedding reception that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

decedent, a minor, attended, owed a statutory duty not to furnish, or allow to be furnished, intoxicating beverages to the decedent. Plaintiffs further alleged that defendants breached this statutory duty by furnishing, or allowing to be furnished, intoxicating liquor to the decedent, and that the furnishing of alcoholic beverages to the decedent constituted negligence, which was a proximate cause of his death.

In their motions for summary judgment under GCR 1963, 117.2(1), defendants maintained that a cause of action is not available in our state against persons who serve intoxicating liquors to social guests in private homes. Furthermore, they contended that wedding receptions are not regulated by the Michigan Liquor Control Act.[1]

In granting defendants' motions for summary judgment, the trial court held that the statute which proscribes the selling or furnishing of alcoholic beverages to minors applies only to licensees under the Liquor Control Act.

The parties to this appeal agree that prior to the Legislature's repeal of MCL 750.141a; MSA 28.336(1),[2] a civil cause of action existed for damages sustained as a result of a person furnishing alcoholic liquor to a minor. This penal statute provided:

"Any person, who knowingly gives or furnishes any alcoholic beverage to a minor except upon authority of and pursuant to a prescription of a duly licensed physician, shall be guilty of a misdemeanor, and if the furnishing involved any consideration, the person shall be imprisoned for not more than 1 year or fined not more than $1,000.00 or both."

---

[1] MCL 436.1 *et seq.;* MSA 18.971 *et seq.* This act is more commonly known as "The Dramshop Act".

[2] Repealed by 1978 PA 531, § 2.

The aforecited repealed statute was substantially reenacted and may now be found at MCL 436.33; MSA 18.1004:[3]

"(1) Alcoholic liquor shall not be sold or furnished to a person unless the person has attained 21 years of age. A person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor. A suitable sign which describes this section and the penalties for violating this section shall be posted in a conspicuous place in each room where alcoholic liquors are sold. The signs shall be approved and furnished by the state liquor control commission.

"(2) In an action for the violation of this section, proof that the defendant or the defendant's agent or employee demanded and was shown, before furnishing alcoholic liquor to a person under 21 years of age, a motor vehicle operator's license or a registration certificate issued by the federal selective service, or other bona fide documentary evidence of the age and identity of that person, shall be a defense to an action under this section."

In *Lover v Sampson*[4] and *Thaut v Finley (On Rehearing),*[5] this Court held that a common-law cause of action for damages may arise upon a violation of a Michigan statute which prohibits the dispensation of alcoholic beverages to minors. In *Lover,* we stated:

"In the absence of a dramshop action, plaintiffs must seek redress based upon common-law precepts. The defendants, citing a headnote in Corpus Juris Secundum, assert that 'no remedy exists against the dispenser of liquor for injuries and damages resulting from

---

[3] 1978 PA 531, § 1, effective December 23, 1978.

[4] 44 Mich App 173; 205 NW2d 69 (1972).

[5] 50 Mich App 611; 213 NW2d 820 (1973).

the acts of intoxicated persons except to the extent provided for by statute'.

"We cannot agree for the reason that the defendants have failed to recognize a more circumscribed rule recognized in the jurisdiction to the effect that it is not a tort to sell or give alcoholic beverages to a strong and able-bodied man. *Manuel v Weitzman, supra; Hollerud v Malamis,* 20 Mich App 748, 754-755 (1969).

"Plaintiffs' suit in the instant case is not predicated upon the defendants furnishing alcoholic beverages to a strong and able-bodied man. Rather, plaintiffs' cause of action stems from the defendants' actions of allegedly furnishing intoxicants to minors.

"Therefore, the principle which would have barred plaintiffs' suit had the alcohol been furnished to strong and able-bodied men is not in point with and is not controlling in the facts of the case at bar wherein alcohol was dispensed to minors." (Footnote omitted.)[6]

More recently, in *Christensen v Parrish,*[7] we held that a violation of the now repealed MCL 750.141a; MSA 28.336(1) gives rise to a prima facie case of negligence, whereas the *Lover* and *Thaut* cases held that a violation of the statute constituted negligence per se.[8]

Thus, we are called upon in this appeal to decide in light of the 1978 repeal of MCL 750.141a; MSA 28.336(1), and the inclusion of a similar statute in the dramshop act, whether a civil cause of action

[6] *Lover, supra,* pp 181-182.

[7] 82 Mich App 409; 266 NW2d 826 (1978), *lv den* 403 Mich 845 (1978).

[8] In *Zeni v Anderson,* 397 Mich 117, 128-129; 243 NW2d 270 (1976), the Supreme Court stated:

"An analysis of the Michigan cases indicates that the real Michigan rule as to the effect of violation of a penal statute in a negligence action is that such violation creates only a prima facie case from which the jury may draw an inference of negligence. It is true that a number of passages in cases speak of negligence per se almost in terms of strict liability, but closer examination of the application of the rule reveals that Michigan does not subscribe to such a harsh dogma."

continues to exist against a social host for furnishing alcoholic beverages to a minor, where the furnishing of the liquor is a proximate cause of an injury or death.

Our review of the current statute, MCL 436.33; MSA 18.1004, which prohibits the selling or furnishing of alcoholic beverages to a minor, leads us to conclude that its application is not limited to Liquor Control Act licensees; rather, it is applicable to all persons who violate its terms. We believe that the Legislature did not intend to eliminate the misdemeanor offense attendant to the furnishing of alcoholic beverages to minors by persons other than licensees under the Liquor Control Act. We note that the Legislature chose to use the word "person" as opposed to retailer, vendor, or licensee in regard to the prohibition against knowingly selling or furnishing liquor to a person who has not attained 21 years of age.[9]

Additionally, the succeeding statute in the Liquor Control Act, MCL 436.33a; MSA 18.1004(1), provides that it is a misdemeanor for a minor to transport or possess, with knowledge, alcoholic beverages in a motor vehicle. Certainly, this statute does not apply solely to retailers of alcohol.

Accordingly, we hold that a civil cause of action continues to exist for injuries or death caused by the furnishing of liquor to a minor by a social host or other persons not falling under the purview of the Liquor Control Act.

In the matter at bar, plaintiffs' complaint contains the following allegations in relation to defendants' actions:

"50. That on July 7, 1979 and the early hours of July 8, 1979, one, all or several of the defendants Edward

---

[9] "Person" is defined in the Michigan Liquor Control Act as "any person, firm, partnership, association or corporation". MCL 436.2k; MSA 18.972(11).

Gensel, Mrs. Edward Gensel, Samuel Langston, and Myrna Langston thereupon served, furnished, and provided, or allowed to be served, furnished and provided *[sic]* the plaintiff's decedent, Jamie H. Longstreth, intoxicating beverages and liquors.

"51. That at the aforesaid date, time and place, the plaintiffs *[sic]* decedent, Jamie H. Longstreth, was under the age of 21 years.

"52. That it was then and there the duty of the defendant Edward Gensel, Mrs. Edward Gensel, Samuel Langston and Myrna Langston, to:

"a. Not to give, provide or furnish any alcoholic beverage to anyone, and in particular, plaintiff's decedent Jamie A. *[sic]* Longstreth, who was under the age of 21.

"b. Not to allow a person under the age of 21 years and in particular plaintiff's decedent, Jamie H. Longstreth, to consume alcoholic beverages at the wedding reception.

"c. To not permit Jamie H. Longstreth, on July 7, 1979 and/or July 8, 1979 to consume alcoholic beverages at said Mid-Michi Bowmens Club.

"d. Not to supply alcoholic beverages without properly supervising the dispensing and consumption of the alcoholic beverages by Jamie H. Longstreth.

"e. Not to permit plaintiffs *[sic]* decedent, Jamie H. Longstreth to consume alcoholic beverages and liquors at the aforesaid Mid-Michi Bowmens Club."

Plaintiffs' complaint is devoid of any allegations that defendants "knowingly sold or furnished alcoholic liquor to a person who is less than 21 years of age, or * * * fail[ed] to make diligent inquiry as to whether the person is less than 21 years of age". Rather, the complaint sets forth averments that defendants negligently supervised the dispensation and consumption of alcohol by plaintiffs' decedent. Consequently, plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

We remand the matter to the trial court to

allow plaintiffs 20 days to amend their complaint.[10] If plaintiffs are unable to file a sworn complaint that states a cause of action in conformance with this opinion, the trial court may award summary judgment to defendants.

Remanded.

---

[10] GCR 1963, 118.1.