KLOTZ v PERSENAIRE

Docket No. 73436. Submitted March 8, 1984, at Grand Rapids.—
Decided November 6, 1984. Leave to appeal applied for.

Plaintiff, Onabelle Klotz, personal representative of the estate of
Karl Klotz, deceased, brought a wrongful death action in the
Oceana Circuit Court against defendants, Phillip and Phyllis
Persenaire and Ron Pearson, alleging that the proximate cause
of Karl's drowning death was defendants' negligent furnishing
of alcohol to the deceased, aged 18, in violation of the Liquor
Control Act and also defendants Persenaires' negligence in
allowing the deceased and others to use the Persenaires' power-
boat while in an intoxicated state. Defendants' motions for a
summary judgment were thereafter granted by the trial court,
Terrence R. Thomas, J., on the ground that plaintiff failed to
state a claim upon which relief could be granted. Plaintiff
appeals from the order in that regard. *Held:*

1. Plaintiff's claim that defendants were negligent in furnish-
ing alcohol to the deceased is unenforceable as a matter of law
since the wrongful death statute requires that the decedent
must have been entitled to maintain an action had he survived,
and plaintiff's decedent, as an intoxicated person, could not
have maintained an action against the defendants for the
negligent furnishing of alcohol. The summary judgment is
affirmed as to this claim.

2. The circuit court erred in granting the motion for sum-
mary judgment on the negligence claim regarding negligence in
furnishing the boat. The summary judgment is reversed and
cause remanded as to this claim.

3. This panel of the Court of Appeals chose not to agree with
a prior panel's determination that § 33 of the Liquor Control
Act regarding furnishing alcohol to a minor applies to all

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230.
[2] 22 Am Jur 2d, Death § 1.
[3] 45 Am Jur 2d, Intoxicating Liquors §§ 267, 561, 608.
[4] 45 Am Jur 2d, Intoxicating Liquors § 608.
   Liability of persons furnishing intoxicating liquor for injury to or
   death of consumer, outside coverage of civil damage acts. 98
   ALR3d 1230.

persons, not just those required to be licensed under the Liquor Control Act, and that an underage imbiber may maintain a civil cause of action against a social host for negligently furnishing alcohol to him in contravention of § 33.

Affirmed in part, reversed in part, and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based on a failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint; all well-pled facts are to be accepted as true, and the motion may be granted only where the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. ACTIONS — WRONGFUL DEATH.

A wrongful death action may not be brought by a plaintiff where the plaintiff's decedent would not have been entitled to maintain an action against the defendants had he survived (MCL 600.2922[1]; MSA 27A.2922[1]).

3. INTOXICATING LIQUORS — DRAMSHOP ACT — MINORS.

The dramshop section of the Liquor Control Act is applicable to retailers and specially designated merchants and provides the exclusive remedy against them; a noninnocent underage imbiber is precluded from recovering damages under the dramshop act for damage resulting from the sale or furnishing of alcohol to the underage person (MCL 436.22, 436.33; MSA 18.993, 18.1004).

4. INTOXICATING LIQUORS — DRAMSHOP ACT — NONINNOCENT IMBIBERS.

The dramshop provision exempting retailers and specially designated merchants from liability to the noninnocent imbiber reflects a legislative policy determination that the noninnocent imbiber be precluded from recovering damages; such policy should apply equally well to the social hosts of a noninnocent imbiber in a negligence case (MCL 436.22; MSA 18.993).

*Libner, Van Leuven & Kortering, P.C.* (by *Robert J. Van Leuven* and *Thomas J. Evans*), for plaintiff.

*Linsey, Strain & Worsfold, P.C.* (by *Donald R. Worsfold*), for defendants on appeal.

Before: MacKenzie, P.J., and J. H. Gillis and J. E. Fitzgerald,* JJ.

MacKenzie, P.J. Plaintiff appeals as of right from an order granting summary judgment for defendants under GCR 1963, 117.2(1) on the ground that plaintiff failed to state a claim upon which relief could be granted. In her complaint as personal representative of the estate of Karl Klotz, her deceased son, plaintiff alleged that the proximate .cause of Karl's drowning death was defendants' negligent furnishing of alcohol to Karl, aged 18, in violation of MCL 436.33(1); MSA 18.1004(1), and defendants Persenaires' negligence in allowing Karl and others to use the Persenaires' powerboat while in an intoxicated state. On the evening of August 7, 1982, plaintiff's decedent Karl attended a party at defendants Persenaires' home on Silver Lake. Plaintiff alleges that at the party Karl drank beer from a keg furnished by defendants Persenaires, and also drank beer from a six-pack purchased and furnished to him by defendant Pearson. Later that evening, Karl, defendants Persenaires' son, and two others took defendants Persenaires' powerboat out on Silver Lake, and, after arriving at a certain location, jumped or dove off the boat. Karl never resurfaced, and his body was recovered the next morning by divers.

A motion for summary judgment brought under GCR 1963, 117.2(1) tests the legal sufficiency of the complaint. All well-pled facts are to be accepted as true, and the motion may be granted only where the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *State Farm Fire & Casualty Co v Super City, Inc*, 125 Mich App 65, 67; 335 NW2d 714 (1983). Defendants argue that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff has no enforceable wrongful death claim under MCL 600.2922(1); MSA 27A.2922(1) since the statute requires that the decedent must have been entitled to maintain an action had he survived, and plaintiff's decedent, as an intoxicated person, could not have maintained an action against defendants.

With respect to plaintiff's claim that defendants were negligent in furnishing alcohol to Karl, we agree with defendants that this claim is unenforceable as a matter of law. This claim of plaintiff is predicated on defendants' alleged violation of MCL 436.33; MSA 18.1004 which makes the sale or furnishing of alcohol to a person under age 21 a misdemeanor. Plaintiff relies on *Longstreth v Fitzgibbon,* 125 Mich App 261; 335 NW2d 677 (1983), *lv gtd* 418 Mich 876 (1983), where a panel of this Court held that MCL 436.33; MSA 18.1004 applies to all persons, not just those required to be licensed under the Liquor Control Act, and that an underage imbiber may maintain a civil cause of action against a social host for negligently furnishing alcohol to him or her in contravention of MCL 436.33; MSA 18.1004.

Plaintiff correctly points out that this is not a dramshop action, but rather a negligence suit based on an alleged violation of the Liquor Control Act. The dramshop section of the Liquor Control Act, MCL 436.22; MSA 18.993, is not applicable to defendants here since they are not retailers or specially designated merchants. *Guitar v Bieniek,* 402 Mich 152; 262 NW2d 9 (1978). Were defendants retailers or specially designated merchants subject to liability under the dramshop provision, MCL 436.22; MSA 18.993, plaintiff's decedent would have no right to maintain an action against defendants since the dramshop provision constitutes the exclusive remedy against retailers and

designated merchants, and under it the noninnocent underage imbiber is precluded from recovering damages. *Cornack v Sweeney,* 127 Mich App 375, 378-380; 339 NW2d 26 (1983); *Lucido v Apollo Lanes & Bar, Inc,* 123 Mich App 267; 333 NW2d 246 (1983), *lv den* 417 Mich 1087 (1983).

While the dramshop provision exempting retailers and designated merchants from liability to the noninnocent imbiber is not itself applicable to this negligence suit against defendants, we believe it reflects a legislative policy determination that the noninnocent imbiber be precluded from recovering damages, and this policy should apply to social hosts as well. With the exception of *Longstreth, supra,* other cases which have permitted a civil cause of action against social hosts for negligent furnishing of alcohol to an underage person contrary to statute involved claims brought by innocent third parties injured by the underage imbiber, not by the underage imbiber himself. *Lover v Sampson,* 44 Mich App 173; 205 NW2d 69 (1972); *Thaut v Finley (On Rehearing),* 50 Mich App 611; 213 NW2d 820 (1973) *[modifying* 47 Mich App 542; 209 NW2d 695 (1973)]. We cannot agree with the decision in *Longstreth, supra,* extending the availability of such a cause of action to the intoxicated underage person himself.

We hold that plaintiff's decedent, had he survived, would have had no cause of action against defendants for the negligent furnishing of alcohol, and, therefore, plaintiff has no enforceable wrongful death cause of action based on this claim. MCL 600.2922(1); MSA 27A.2922(1). However, plaintiff's complaint set forth an additional claim independent of the furnishing of alcohol claim—that defendants Persenaires were negligent in permitting plaintiff's decedent and others to take the boat out onto the lake when they knew or should have

known of their intoxicated state. As to this claim of negligence, the circuit court erred in granting defendants' motion for summary judgment. Compare *Manuel v Weitzman,* 386 Mich 157, 161-165; 191 NW2d 474 (1971); *Romeo v Van Otterloo,* 117 Mich App 333, 340; 323 NW2d 693 (1982), *lv den* 417 Mich 1004 (1983). As to that claim, we reverse and remand for further proceedings.

Affirmed in part, reversed in part, and remanded. No costs, neither party having fully prevailed.