GOSS v RICHMOND

Docket No. 78843. Submitted April 9, 1985, at Lansing.—Decided October 22, 1985.

Arthur D. Goss, his wife, Mary Goss, and his son, Arthur D. Goss, Jr., brought a dramshop act action in Genesee Circuit Court against Robert D. Richmond and Le-Rob Corporation, operator of Lasabre's Lounge, alleging that Le-Rob Corporation, a licensed seller of alcoholic beverages, sold intoxicating liquor to Richmond while he was intoxicated and as a result of that intoxication Richmond drove his automobile into a tree and injured his passenger, plaintiff Arthur D. Goss, Jr. Arthur D. Goss, Jr., testified in his pretrial deposition that he and Richmond had purchased pitchers of beer in "rounds", each taking turns in buying the pitchers of beer. Defendant Le-Rob Corporation moved for summary judgment. The trial court, Judith Anne Fullerton, J., granted the motion, holding that, since Arthur D. Goss, Jr., had been involved in the purchase of the drinks, he was a noninnocent party and recovery under the dramshop act was precluded. The claims of the parents against defendant Le-Rob Corporation were thereafter dismissed by stipulation. Plaintiff Arthur D. Goss, Jr., appealed. *Held:*

1. A party who actively brings about the alleged intoxication of another may not recover under the dramshop act for damages resulting from injuries arising out of the intoxication, since such a party is a noninnocent party under the dramshop act and is precluded from proceeding under the act.

2. Since plaintiff purchased drinks in "rounds" with Richmond, plaintiff is a noninnocent party under the dramshop act and is precluded from recovering under the provisions of that act.

3. Allowing dramshop recovery for persons who merely drink with the intoxicated person while denying dramshop recovery for those who purchase rounds of drinks with the intoxicated

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Intoxicating Liquors §§ 561 *et seq.*

Third person's participating in or encouraging drinking as barring him from recovery under civil damage or similar acts. 26 ALR3d 112.

person is not violative of the constitutional right to equal protection of the laws, since the distinction between the two groups is not arbitrary.

Affirmed.

1. INTOXICATING LIQUORS — DRAMSHOP ACT — NONINNOCENT PARTIES.

It is the intent of the Legislature that a party who actively brings about the alleged intoxication of another may not recover in a dramshop action for the damages sustained therefrom; by actively bringing about the intoxication, the party is a noninnocent party under the dramshop act and is precluded from proceeding under the act (MCL 436.22; MSA 18.993).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — DRAMSHOP ACT — NONINNOCENT PARTIES.

Granting dramshop recovery to one who merely has drinks with the intoxicated person but does not purchase drinks for the intoxicated person while denying dramshop recovery to one who purchases drinks in "rounds" with the intoxicated person is not violative of the constitutional right to equal protection of the law (MCL 436.22; MSA 18.993).

*Henry M. Hanflik* and *David Melkus,* for Arthur D. Goss, Jr.

*Kallas, Azoni, Henk & Geik* (by *Wayne A. Geik),* for Le-Rob Corporation.

Before: R. B. BURNS, P.J., and SHEPHERD and B. A. JASPER,* JJ.

PER CURIAM. Plaintiffs appeal as of right the granting of summary judgment, GCR 1963, 117.2(3), to defendant Le-Rob Corporation in a dramshop action, MCL 436.22; MSA 18.993. Since the claims of Arthur Goss and Mary Goss were derivative from the claim of Arthur Goss, Jr., we use the word plaintiff in the singular to refer only to Arthur Jr.'s claim.

Plaintiff alleged in his dramshop action that

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

defendant Le-Rob, a licensed seller of alcoholic beverages, illegally sold intoxicating liquor to a visibly intoxicated person, defendant Robert Richmond. Richmond allegedly drove his automobile off the road and struck a tree. Plaintiff was a passenger in the Richmond automobile and suffered serious injuries.

Plaintiff testified in his pretrial deposition that he and defendant Richmond purchased pitchers of beer in "rounds", each taking turns buying pitchers. The trial court held that buying such "rounds" amounted to buying drinks for defendant Richmond. The court held that, by doing so, plaintiff was a noninnocent party under the dramshop act and was thus precluded from proceeding under the act. See *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964); *Barrett v Campbell,* 131 Mich App 552; 345 NW2d 614 (1983).

Plaintiff argues that his participation in bringing about the injury-producing intoxication should not bar recovery. Rather, plaintiff argues that the doctrine of comparative negligence should apply to such actions. See *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

Initially, we note that two panels of this Court have previously rejected this argument, reasoning that the dramshop act is a legislatively created exclusive remedy, not a common-law negligence action. See *Barrett v Campbell, supra; Dahn v Sheets,* 104 Mich App 584, 591; 305 NW2d 547 (1981), *lv den* 412 Mich 928 (1982).

However, plaintiff asks this Court to critically reassess the applicability of *Placek* to dramshop actions, arguing that the "innocent party" doctrine is "judge-made law", just as was the doctrine of contributory negligence.

Our independent analysis of plaintiff's argument leads us to the same conclusion reached by the

*Barrett* and *Dahn* panels. The objective of the Legislature in enacting the dramshop act was to discourage bars from selling intoxicating liquors to visibly intoxicated persons and minors and to provide for recovery under certain circumstances by those injured as a result of the sale of intoxicating liquor. *Browder v International Fidelity Ins Co,* 413 Mich 603, 611-612; 321 NW2d 668 (1982). To permit one who has been an intentional accessory to the illegality to shift the loss resulting from it to the tavern owner would lead to a result we believe the Legislature did not intend. A person who buys drinks for an obviously intoxicated person, or one whom he knows to be a minor, is at least as much the cause of the resulting or continued intoxication as the bartender who served the consumer illegally. In short, barring recovery by a wrongdoer by holding that the wrongdoer is not among those to whom the Legislature intended to provide a remedy advances both purposes of the act, to supress illegal sales and to provide a remedy for those injured as a result of the illegality.

Plaintiff next argues that the "innocent party" doctrine as applied in this case denies him equal protection of the laws. Plaintiff claims that, because he could recover if he and defendant Richmond, instead of buying "rounds", would each have purchased their own pitchers and drank side by side, the "innocent party" doctrine as applied in this case creates an arbitrary distinction between persons of the same class.

Social and economic legislation is subject to equal protection review under the traditional equal protection test. A statutory discrimination will not be set aside under that test if any state of facts "reasonably may be conceived to justify it". *Dandridge v Williams,* 397 US 471, 485; 90 S Ct 1153; 25 L Ed 2d 491 (1970); *Lindsley v Natural*

*Carbonic Gas Co,* 221 US 61, 78; 31 S Ct 337; 55 L Ed 369 (1911). Plaintiff cites *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1979), to support his claim that the classification system used "must bear a substantial and rational relation to the statute's purpose". His reliance on *McGowan* is misplaced. Unlike the guest passenger statute under scrutiny in *McGowan,* the dramshop act does not create a discrete exception to a general rule. Rather, the dramshop act creates the general rule by providing certain persons a remedy which was not available at common law. See *Lucido v Appollo Lanes & Bar, Inc,* 123 Mich App 267; 333 NW2d 246 (1983).

The material question when a defendant claims a plaintiff is not an "innocent party" under the dramshop act is whether the plaintiff actively participated in the intoxicated person's inebriation. *Malone v Lambrecht,* 305 Mich 58, 60; 8 NW2d 910 (1943); *Todd v Biglow,* 51 Mich App 346, 351; 214 NW2d 733 (1974). In *Todd,* this Court held that accompanying and drinking with the allegedly intoxicated person without purchasing a drink for that person did not constitute active participation as a matter of law, but that it did present a jury question as to whether there was active participation. 51 Mich App 558.

We do not find the distinction between persons who purchase "rounds" and those who merely accompany the allegedly intoxicated person to be arbitrary. A plaintiff who purchases a pitcher of beer knowing that the allegedly intoxicated person will drink therefrom is a more direct participant in the other's intoxication and more directly encourages the other's intoxication than a mere drinking companion. Buying in "rounds" conceiv-

ably sets the pace at which the allegedly intoxicated person will consume alcohol and conceivably encourages the allegedly intoxicated person to consume his "fair share".

Affirmed.