### TRAXLER v KOPOSKY

Docket No. 83934. Submitted December 9, 1985, at Grand Rapids.—
Decided January 22, 1986.

Bryan Jon Traxler died in an automobile accident while he was a passenger in an automobile being driven by defendant Jeffrey Koposky. Defendant Koposky had attended a wedding reception at a hall which was rented by defendant Thomas Youngstrom for that purpose. Plaintiff, Shirley A. Traxler, individually and as personal representative of the estate of Bryan Jon Traxler, filed suit in Oceana Circuit Court against defendants Koposky, Youngstrom and others and alleged that defendant Youngstrom, or his agent, knowingly furnished alcoholic beverages to defendant Koposky, who was less than 21 years of age, and/or failed to make diligent inquiry as to whether defendant Koposky was less than 21 years of age in violation of statute and that such action was a proximate cause of the accident. Defendant Youngstrom moved for summary judgment on the grounds that plaintiff failed to state a claim upon which relief could be granted and that except as to the amount of damages there was no genuine issue as to any material fact, and he was therefore entitled to judgment as a matter of law. The circuit court, Terrence R. Thomas, J., granted the motion. Plaintiff appealed.
*Held:*

A social host may be liable in tort to both a motorist and his passenger who are injured or killed after the social host furnishes alcoholic beverages to the motorist who is less than 21 years of age.

Reversed and remanded.

INTOXICATING LIQUORS — MINORS — NEGLIGENCE — TORTS.

A social host may be liable in tort to both a motorist and his

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 537 *et seq.*

Am Jur 2d, Intoxicating Liquors §§ 267-275

What constitutes driving, operating, or being in control of motor vehicle for purposes of driving while intoxicated statutes. 93 ALR3d 7.

Constitutionality of automobile and aviation guest statutes. 66 ALR3d 532.

passenger who are injured or killed in a motor vehicle accident after the social host had furnished alcoholic beverages to the motorist who is less than 21 years of age (MCL 436.33; MSA 18.1004).

*Libner, VanLeuven & Kortering, P.C.* (by *John A. Braden),* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore & Robert J. Riley),* for defendant Thomas Youngstrom.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN,* JJ.

PER CURIAM. This case presents a question of the liability of a social host for torts committed by a minor guest who is served alcohol by the host. Defendant Youngstrom moved for summary judgment pursuant to GCR 1963, 117.2(1) and (3), now MCR 2.116(C)(8) and (10). Summary judgment was granted pursuant to 117.2(1).

The following facts were pled and we accept them as true. Bryan Jon Traxler was killed while a passenger in an automobile driven by defendant Jeffrey Koposky. Koposky was operating his car at a high rate of speed on southbound Business 31 in Oceana County when the car left the roadway and struck a tree. Prior to the accident, Koposky attended a wedding reception at the Elvon L. Chadwick VFW Post #6017 in Pentwater. Defendant Youngstrom had rented the VFW hall for the reception. Allegedly, at the reception defendant Youngstrom, or his agent, knowingly furnished alcoholic beverages to Koposky, who was less than 21 years of age, and/or failed to make diligent inquiry as to whether Koposky was less than 21

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

years of age, thereby violating MCL 436.33; MSA 18.1004(1). Violation of the above statute was allegedly a proximate cause of the accident which resulted in decedent's death.

This case is controlled by the recent Supreme Court decision in *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985). The facts in *Longstreth* are remarkably similar to those in the case at bar. In that case, the social host at a wedding reception served alcohol to the plaintiffs' 19-year-old decedent. The decedent later became involved in a fatal automobile accident. The Court held that the social host was liable for serving the minor alcoholic beverages. If the social host is liable where the injured party is the imbiber, then certainly the host is liable where the injured party is the imbiber's passenger. Thus, the trial court erred in granting summary judgment.

Our disposition of this matter renders it unnecessary to consider plaintiffs' theory of a breach of a common-law duty. Additionally, we do not find it necessary to address the parties' arguments concerning defendant's proposed defenses based upon decedent's allegedly wrongful conduct and that defendant did not personally serve alcohol to Koposky. The trial court did not rule on those defenses below, therefore the issues are not properly before us. On remand, defendant is free to assert these defenses, though we offer no opinion on their viability.

Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiffs.