POLLARD v VILLAGE OF OVID

Docket No. 105341. Submitted December 21, 1988, at Lansing. Decided September 5, 1989. Leave to appeal applied for.

Doris Pollard, individually and as personal representative of Randy Wayne Pollard, deceased, brought an action against the Village of Ovid, Richard and Retha Bancroft and others in the Clinton Circuit Court alleging, among other things, that the Bancrofts unlawfully furnished intoxicants to an underage person and that the resulting intoxication was the proximate cause of the death of plaintiff's decedent, who had contributed to the underage person's intoxication. The court, Timothy M. Green, J., granted summary disposition to the Bancrofts, holding that the rule that an underage imbiber is precluded from recovering from social hosts was controlling. Plaintiff appealed.

The Court of Appeals *held:*

1. An underaged imbiber may maintain a negligence action against a social host who provides him with alcohol.

2. A third person who contributes to the intoxication of an underage imbiber and is injured as a result of that intoxication may not recover from social hosts who also contribute to the intoxication.

Affirmed.

V. L. WASHINGTON, J., dissented. He would hold that the noninnocent party doctrine which applies to dramshop actions does not apply to actions against social hosts who contribute to the intoxication of underage imbibers. He would reverse.

1. INTOXICATING LIQUORS — LIQUOR CONTROL ACT.

The Liquor Control Act was intended to govern the entire regulation of liquor within the state (MCL 436.1 *et seq.*; MSA 18.971 *et seq.*).

2. INTOXICATING LIQUORS — SOCIAL HOSTS — NONINNOCENT PARTY DOCTRINE — DRAMSHOP ACT.

The doctrine that a person who contributes to the intoxication of

REFERENCES

Am Jur 2d, Intoxicating Liquors §§ 22 *et seq.*, 561 *et seq.*

Social host's liability for injuries incurred by third parties as a result of intoxicated guest's negligence. 62 ALR4th 16.

a person who ultimately injures him because of the intoxicaton is precluded from recovery applies equally to actions against social hosts who allow underage persons to consume intoxicants as to actions against dramshops (MCL 436.22, 436.33; MSA 18.993, 18.1004).

*Thomas E. McClear,* and *Clark Shanahan,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Paula R. Latovick*), for defendants.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and V. L. WASHINGTON,* JJ.

PER CURIAM. This is a civil damage action against social hosts who allegedly unlawfully furnished alcohol to a person under twenty-one years of age. The underage drinker was subsequently involved in an automobile accident and an adult passenger, Randy Pollard, was killed. Plaintiff, the decedent's personal representative, appeals as of right from the trial court's order granting the Bancrofts' motion for summary disposition. We affirm the trial court's order and hold that plaintiff is precluded from bringing a cause of action against social hosts for furnishing alcohol to a minor when plaintiff's decedent admittedly participated in the minor's intoxication.

On July 21, 1981, Randy Pollard, 24, and Donald W. Miller, 20, attended a wedding reception cohosted by Richard and Retha Bancroft (defendants), parents of the bride.

Prior to the reception, Pollard bought a twelve-pack of beer and put it in the back of Miller's truck. Miller contributed toward the purchase of the beer. Since Miller was driving, Pollard reached into the back of the truck and handed him a can

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of beer when Miller wanted one. Both Miller and Pollard drank two beers on their way to the reception.

At the wedding reception, glasses of beer were lined up on the bar so that guests could serve themselves. Mr. and Mrs. Adrian Huss, Sr., parents of the groom, arranged and paid for the alcohol and bartenders. While at the reception, Miller drank eight to ten beers. At least some of the time, Pollard went to the bar and took two glasses of beer, one for himself and one for Miller.

After leaving the reception, Miller's truck crashed into a wall at the entrance to a bridge. Miller was driving at approximately fifty-five miles per hour. The posted speed was twenty-five miles per hour. Pollard was killed in the collision and was pronounced dead at the scene.

Plaintiff filed suit against defendants, among others, alleging that defendants actually and constructively knew that alcohol was being served to underage guests, including Miller, and that defendants directed or condoned the serving of alcohol to Miller and other guests, regardless of age. Defendants filed a motion for summary disposition. The trial court granted the motion, ruling that *Klotz v Persenaire,* 138 Mich App 638; 360 NW2d 255 (1984), which ruled that an underage imbiber is precluded from recovering damages from social hosts, was controlling.

Subsequent to the trial court's ruling, our Supreme Court determined in *Longstreth v Gensel,* 423 Mich 675; 377 NW2d 804 (1985), that an underage imbiber could maintain a negligence action against a social host who provided alcohol in violation of MCL 436.33; MSA 18.1004 (§ 33). Section 33 provides in pertinent part:

A person who knowingly sells or furnishes alco-

holic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor.

The *Longstreth* Court reasoned that, unlike a dramshop action, the question of social host liability is based on common-law negligence principles. A proven violation of § 33 creates a rebuttable presumption of negligence. *Longstreth,* 423 Mich 693. Since the underage imbiber in *Longstreth* was clearly within the class of persons § 33 intended to protect, he was entitled to assert a cause of action for his own injuries. *Longstreth,* 423 Mich 693, 696.

In this case, plaintiff urges us to remand this matter for trial to determine whether defendants violated § 33. We note that the question whether defendants' conduct amounted to "furnishing" alcohol to Miller is a question of law to be decided by the court. *Bambino v Dunn,* 166 Mich App 723, 731; 420 NW2d 866 (1988). However, we need not address the question of defendants' conduct in this case. We are convinced that plaintiff does not have a cause of action under § 33 because plaintiff's decedent participated in the intoxication of the underage imbiber.

The Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.,* was intended to govern the entire regulation of liquor within the state:

> The act does more than merely regulate liquor traffic; it involves the public health, safety, and morals. Therefore, the act was not intended to apply only to licensees. It was intended to govern the entire regulation of liquor within Michigan. [*Longstreth,* 423 Mich 683.]

The dramshop provision of the act, MCL 436.22;

MSA 18.993, imposes liability on liquor licensees for injuries caused to third persons as a result of the sale or furnishing of liquor to minors or visibly intoxicated adults. The intoxicated person does not have a cause of action under the dramshop provision.

The noninnocent, injured third party is also excluded from recovery under the dramshop act if he actively participated in the intoxication of the tortfeasor.

> [T]he mere act of buying intoxicants for . . . visibly intoxicated persons or minors, which contributes to the intoxication of the person who ultimately injures someone due to his intoxication would render the buyer of the intoxicant a noninnocent party precluded from recovery under the dramshop act. [*Arciero v Wicks,* 150 Mich App 522, 529; 389 NW2d 116 (1986).]

See also *Kangas v Suchorski,* 372 Mich 396; 126 NW2d 803 (1964). This rule, known as the noninnocent party doctrine, applies even when the plaintiff is a minor. *Craig v Larson,* 432 Mich 346; 439 NW2d 899 (1989).

Although the case before us does not involve a licensee, the rules regarding dramshop liability reflect, we believe, the increasing social awareness of the dangers involved in furnishing alcohol to all age groups. The noninnocent party doctrine is consistent with the intent of the Legislature to address those concerns and regulate all aspects of liquor regulation under the Liquor Control Act. *Craig, id.*

Social hosts may be held liable for furnishing alcohol to minors because § 33 was intended to protect underage imbibers from the dangerous effects of intoxication. *Longstreth,* 423 Mich 693. Since the underage imbiber is within the class of

persons which the statute intends to protect, he can assert a cause of action for his own injuries under § 33 even though he is precluded from doing so under the dramshop provision. *Longstreth,* 423 Mich 696.

At least one panel of this Court has concluded that the social host's liability under § 33 for furnishing alcohol to underage guests extends to injured third persons. *Traxler v Koposky,* 148 Mich App 514; 384 NW2d 819 (1986). However, the facts in *Traxler* do not reveal whether the third party there was an innocent victim. Since the existence of social host liability to an underage inebriant is relatively recent, it is not surprising that we have not previously considered whether the liability extends to both innocent and noninnocent third-party victims. We now rule that social host liability under § 33 does not extend to a noninnocent injured third party.

As the Supreme Court indicated in *Longstreth,* public policy and legislative intent are relevant considerations in determining the scope of § 33:

> The dangers and policy considerations related to serving intoxicants are especially significant when underage persons are involved. In Michigan, imposition of various sanctions and penalties on the basis of furnishing of liquor to underage persons has had a long history. [*Longstreth,* 423 Mich 698.]

Although we recognize that the "innocent party" doctrine was developed by the courts to help further the purpose of the dramshop provision, we believe that many of the same policy considerations are relevant here:

> The objective of the Legislature in enacting the dramshop act was to discourage bars from selling intoxicating liquors to visibly intoxicated persons

and minors and to provide for recovery under certain circumstances by those injured as a result of the sale of intoxicating liquor. *Browder v International Fidelity Ins Co,* 413 Mich 603, 611-612; 321 NW2d 668 (1982). To permit one who has been an intentional accessory to the illegality to shift the loss resulting from it to the tavern owner would lead to a result we believe the Legislature did not intend. A person who buys drinks for an obviously intoxicated person, or one whom he knows to be a minor, is at least as much the cause of the resulting or continued intoxication as the bartender who served the consumer illegally. In short, barring recovery by a wrongdoer by holding that the wrongdoer is not among those to whom the Legislature intended to provide a remedy advances both purposes of the act, to suppress illegal sales and to provide a remedy for those injured as a result of the illegality. [*Goss v Richmond,* 146 Mich App 610, 613; 381 NW2d 776 (1985).]

Similarly, the Legislature's objective in enacting § 33 was to prevent the furnishing of intoxicants to those under twenty-one years of age. Section 33 was intended to protect those under the legal drinking age and to prevent injury caused by the use of alcohol by persons under twenty-one years of age. *Longstreth,* 423 Mich 693. The Supreme Court reasoned in *Longstreth* that the plaintiff there fell within the class of persons whom § 33 was intended to protect and that § 33 was meant to protect against the type of harm which resulted in *Longstreth,* "i.e., injury and death." *Longstreth,* 423 Mich 693. Therefore, the Court concluded that a statutory basis existed for the *Longstreth* plaintiff's cause of action. *Longstreth,* 423 Mich 693.

Just as the dramshop provision imposes liability on licensees for injuries caused to third persons as a result of the sale or furnishing of liquor to underage imbibers, § 33 reflects the legislative de-

termination that the furnishing by nonlicensees of liquor to those under twenty-one years of age is prima facie evidence of negligence. *Longstreth,* 423 Mich 684, 693.

It is true that, once a cause of action arises under § 33, the determination of social lost liability is based on common-law negligence principles. *Longstreth,* 423 Mich 696. The action is grounded, however, in a legislative provision intended to protect against the intoxication of minors. This provision, in turn, is part of the legislative scheme meant to govern all aspects of liquor regulation. As the Supreme Court warned in *Longstreth,* "this type of evidence [violation of § 33] is only available to certain plaintiffs under certain situations." *Longstreth,* 423 Mich 692. We believe it is implicit in the *Longstreth* decision that a § 33 action only arises when the circumstances of a case fall within the scope of § 33's intended protection. *Longstreth,* 423 Mich 692-693, 696.

In this case, there is prima facie evidence that plaintiff's decedent negligently furnished alcohol to Miller. Ironically, despite extensive discovery, there is no evidence that defendants were aware that Miller was drinking alcohol. Clearly, decedent's conduct in furnishing alcohol to a minor is not even arguably within the scope of protection intended by § 33.

Although lack of knowledge as to the imbiber's age may sometimes be an excuse for violation of § 33, it is undisputed that plaintiff's decedent in this case knew that Miller was under twenty-one years of age and that he furnished alcohol to Miller both before and during the wedding reception. *Longstreth,* 423 Mich 694. As a result, plaintiff's decedent was "at least as much the cause of the resulting or continuing intoxication" as defendants here are alleged to be. *Goss,* 146 Mich App

613. Since plaintiff's decedent created the type of harm § 33 was intended to prevent by knowingly violating the statute, we do not believe he is among those to whom § 33 provides a remedy.

The trial court's order granting summary disposition to defendants is affirmed.

MICHAEL J. KELLY, P.J., concurred.

V.L. WASHINGTON, J. *(dissenting)*. I respectfully dissent.

It appears that the majority wishes to extend the "noninnocent party doctrine," which is applicable to dramshop actions under § 22, to actions brought under § 33. However, our Supreme Court has clearly indicated that the rules applicable to these two sections, and the persons who may sue or be sued under each section, are different. See *Longstreth v Gensel*, 423 Mich 675; 377 NW2d 804 (1985), and *Craig v Larson*, 432 Mich 346, 359-360; 439 NW2d 899 (1989). A dramshop action is based on § 22, which is the exclusive remedy of designated third parties against licensees, while an action against a social host under § 33 is based on common-law negligence principles. *Longstreth,* p 696; *Craig, supra.* Justice CAVANAGH, writing for the majority in *Longstreth,* stated:

> Plaintiffs' complaint is brought against social hosts, and is grounded on the violation of § 33 and not § 22 of the act. Accordingly, the defendants' reliance on several cases, holding that § 22 of the act is a plaintiff's exclusive remedy against licensees, is misplaced. Unlike § 22, § 33 is not restricted to the regulation of licensees. To the contrary, § 33 indicates that any person who violates its terms is guilty of a misdemeanor. [*Longstreth,* pp 684-685.]

Recently, our Supreme Court in *Craig, supra,*

which was also authored by Justice CAVANAGH, reaffirmed the noninnocent party doctrine as applicable to § 22, noting that the Legislature, while amending the rule several times, had not evidenced a contrary intent to the doctrine. It noted that the legislative history of the dramshop act reflected repeated efforts to narrow the liability of dramshop owners. *Craig*, p 357. It also determined that the noninnocent party doctrine applied to minors under § 22. *Craig*, pp 357-360. However, in *Longstreth*, our Supreme Court allowed an intoxicated minor plaintiff to maintain an action against his social host under § 33:

> We recognize that our conclusion gives this underage plaintiff a remedy against his hosts which is not presently available under § 22 against licensees. In spite of the "growing number of cases" in other jurisdictions, an intoxicated person cannot sue *licensees* under § 22 for injuries in this state. See, generally, *Kangas v Suchorski*, 372 Mich 396, 399-400; 126 NW2d 803 (1964). [*Longstreth*, p 696.]

The Supreme Court believed that the application of comparative negligence principles could lessen any perceived hardships of this rule. *Longstreth*, p 696.

*Longstreth* clearly sets forth the rules applicable to actions brought under § 33. Plaintiffs can maintain a cause of action under the statute, which prohibits a person from knowingly selling or furnishing alcoholic liquor to a person under twenty-one years of age, against persons who are social hosts. *Longstreth*, p 678. In addition, noninnocent minors may maintain a cause of action brought under § 33, because minors fall within the class of persons the statute was designed to protect. *Longstreth*, pp 693, 696. This Court has since extended the right of this cause of action to passengers of an

intoxicated minor. *Traxler v Koposky,* 148 Mich
App 514, 516; 384 NW2d 819 (1986).

This Court had not previously decided the issue
of whether a third party who allegedly jointly,
along with the social host, furnished alcohol to a
minor, has a common-law cause of action against
the social host, and the trial court in this case did
not address this issue. However, clearly, any recov-
ery, to the plaintiff in this case must be based on
the rules applicable to § 33 and common-law negli-
gence, including comparative negligence, and not
those rules applicable to § 22. The application of
comparative negligence in this case would lessen
or alleviate the perceived hardships and inequities
of this situation.

Because the trial court did not address the
parties' arguments concerning the Bancrofts' pro-
posed defenses based upon the decedent's allegedly
wrongful conduct, this case should be remanded to
the trial court where defendants may then assert
these defenses. The trial court erred in granting
summary disposition in this case since a cause of
action against a social host on the part of an
underage imbiber has been recognized by this
Court, and under *Traxler,* this Court has recog-
nized the cause of action on the part of a passen-
ger of an underage imbiber. Therefore, I would
reverse the trial court's decision.